NATHANIEL S. BRIGHAM *vs.* TIMOTHY T. SMITH

A deed of warranty does not estop the grantor to claim a way of necessity over the land granted.

ACTION OF TORT for trespassing on a close to which the plaintiff claimed title under a deed of warranty from William Sherman. The defendant justified under a way of necessity attached to adjoining land, belonging, at the time of said deed, to Sher-

man, from whom the defendant also derived title. At the trial in the court of common pleas, it appeared that Sherman, at the time of the first deed, retained no other way to his remaining lot except over the land granted. But *Perkins*, J. ruled that the defendant could not justify under a way of necessity over land which he had conveyed by deed of warranty. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. C. Bacon*, for the defendant, cited Co. Lit. 56 *a*; 1 Saund. 323, *note; Jorden* v. *Atwood*, Owen, 121; *Clarke* v. *Cogge*, Cro. Jac. 170; *Dutton* v. *Tayler*, 2 Lutw. 1487; *Packer* v. *Welsted*, 2 Sid. 39; *Howton* v. *Frearson*, 8 T. R. 50; *Buckby* v. *Coles*, 5 Taunt. 311; *Bullard* v. *Harrison*, 4 M. & S. 393; *Holmes* v. *Goring*, 2 Bing. 76; 3 Cruise Dig. (Greenl. ed.) tit. 24, §§ 10–12, *& notes;* 3 Kent Com. (6th ed.) 422–424; Gale & Whatley on Easements, 53; *Nichols* v. *Luce*, 24 Pick. 102; *Bowen* v. *Conner*, 6 Cush. 135.

*H. Chapin*, for the plaintiff, cited *Howton* v. *Frearson*, 8 T. R. 50, 55; *Harlow* v. *Thomas*, 15 Pick. 69; *Prescott* v. *Trueman*, 4 Mass. 630; *Wilkinson* v. *Hall*, 17 Mass. 249; *Parker* v. *Smith*, 17 Mass. 413; *White* v. *Patten*, 24 Pick. 324; *Comstock* v. *Smith*, 13 Pick. 116; *Pernam* v. *Wead*, 2 Mass. 206; 1 Saund. 323, *note;* 3 Kent Com. 422; *Pinnington* v. *Galland*, 9 Exch. 1.

THOMAS, J. If A conveys land to B, to which B can have access only by passing over other land of A, a way of necessity passes by the grant. If A conveys land to B, leaving other land of A, to which he can have access only by passing over the land granted, a way of necessity is reserved in the grant. These points are settled, as well in the cases cited for the plaintiff, as those cited for the defendant.

Is the rule affected by the fact that the grantor conveyed by deed of warranty? We think not. If the way were expressly reserved in the deed, the covenants must apply to the premises granted, that is, an estate with a right of way reserved or carved out of the fee. In the present case, the law does for the parties the same thing, and the covenants apply to an estate with this way of necessity reserved.               *Exceptions sustained.*