JOHN R. DRAKE, Appellant, *v.* THE NEW YORK IRON MINE et al., Respondents.

1. APPEAL — EXCEPTION TO FINDINGS OF FACT.   When an appeal from a judgment of the General Term affirming a judgment in an action tried by a referee or by the court without a jury is upon the judgment roll alone, there being no case containing the evidence, a notice of exception to findings of fact presents no question for review by the Court of Appeals.

2. FINDINGS REGARDED AS CONCLUSIONS OF LAW — GENERAL EXCEPTION.   Even if findings of fact referred to in a notice of exception may be regarded as conclusions of law, they are not presented for review by the Court of Appeals where the exception is merely general, as, "the plaintiff herein excepts to the findings of fact found at the request of the defendants and numbered" so and so.

3. NOTICE OF EXCEPTION TO CONCLUSIONS OF LAW. A general notice of exception to conclusions of law, in an action tried by a referee or by the court without a jury, as, "the plaintiff excepts to the conclusions of law found," is insufficient to raise any question for review by the Court of Appeals. To be effective, the notice must contain a specific "exception to a ruling." (Code Civ. Pro. § 994.)

4. REFUSED REQUESTS TO FIND. A notice of exception to the refusal to find requested conclusions of law is ineffective in the Court of Appeals, when no such requests are to be found in the record before the court.

*Drake* v. *New York Iron Mine*, 89 Hun, 280, appeal dismissed.

(Argued May 10, 1898; decided June 7, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the second judicial department, entered August 12, 1895, affirming a judgment in favor of defendants entered upon a decision of the court dismissing the complaint upon the merits on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Roger M. Sherman* for appellant.

*Frank E. Smith* for respondents. There is no exception in the record sufficient to present any question for review. (*Ingersoll* v. *Bostwick*, 22 N. Y. 425 ; *Roberts* v. *Tobias*, 120 N. Y. 1 ; *Newell* v. *Doty*, 33 N. Y. 83, 93 ; *Magee* v. *Badger*, 34 N. Y. 247 ; *Ward* v. *Craig*, 87 N. Y. 550 ; *Thompson* v. *Hazard*, 120 N. Y. 634 ; *Daniels* v. *Smith*, 130 N. Y. 696 ; *Huerzeler* v. *O. O. T. R. R. Co.*, 139 N. Y. 490 ; *Bogk* v. *Gassert*, 149 U. S. 17 ; *Murray* v. *Babbitt*, 10 Misc. Rep. 365.)

GRAY, J. This action was brought by the plaintiff for the purpose of establishing and enforcing an equitable assignment of, or an implied trust and lien with respect to, a certain fund.

The trial, which was, of course, by the court without a jury, resulted in a judgment for the defendant, dismissing the complaint upon the merits, and that judgment was affirmed at the General Term. From that affirmance the plaintiff has

appealed to this court. The appeal is upon the judgment roll alone and the record shows that the findings of fact and conclusions of law, constituting the decision by the trial court, were excepted to after the entry of judgment in the following manner, viz. : " The plaintiff herein excepts to the findings of fact found at the request of the defendants and numbered XXV, XXVI, XXXII, XXXIII, XXXVI, XXXVII, XXXVIII, XXXIX; he excepts to the conclusions of law found and to the refusal to find each conclusion of law requested by the plaintiff."

This notice of exceptions is quite unavailing to authorize this court to review any question, upon which the appellant might desire to be heard. An appeal from a judgment presents only questions of law and they must appear through exceptions to rulings. The exceptions in this case are in three classes and are of a general nature. The first class relates to a group of findings of fact; but, inasmuch as no case has been made containing the evidence the exception is worthless. Its generality vitiates it, also ; even if, under the contention of the appellant, some of the findings of fact referred to might be regarded as conclusions of law.

The second class is aimed at " the conclusions of law found." It has been repeatedly held in this court that a general exception of that nature is insufficient to raise any question for review. (*Thompson* v. *Hazard*, 120 N. Y. 634; *Ward* v. *Craig*, 87 id. 550 ; *Wheeler* v. *Billings*, 38 id. 263 ; *Newell* v. *Doty*, 33 id. 83.) The cases are all to the effect that an exception, in order to be of avail in invoking our power of review, must be specific in pointing out the error in a ruling by the referee, or by the court, where the trial is without a jury. That seems to be in plain accordance with those requirements of the Code, which provide, upon the trial of an issue of fact by a referee or by the court without a jury, for the taking of an exception to a ruling upon a question of law, after the cause is finally submitted, by filing a notice of the exception in the clerk's office, &c. (Code Civ. Proc. sec. 994.) What is thereby contemplated is, not a general

exception to the rulings, but "an exception to a ruling." The present case furnishes a good illustration of the untena-, bility of a general exception; for, in the five conclusions of law, some of the rulings were clearly correct within the appellant's argument. The court is not required to search through the case to find support for the appellant's general contention that the judgment is erroneous. It is not called upon to exercise its jurisdiction upon the review of a case, unless the question, or questions, of law are specifically pointed out by appropriate exceptions to the rulings made upon the trial, which define the error, or errors, relied upon to reverse the. judgment.

The third class of exceptions referred to in the notice has to do with the refusal of the trial court to find conclusions of law requested by the plaintiff. It is sufficient to say, with respect to that, that no such requests are to be found in this record.

Nothing is presented for our review by the appellant's exceptions and the appeal must be dismissed, with costs.

All concur.

Appeal dismissed.