JOHN R. DRAKE, Respondent, *v.* THE NEW YORK IRON MINE and Others, Appellants.

*Amendment of the record* nunc pro tunc *on an application to the Supreme Court, after a final decision in the Court of Appeals, not allowed.*

After the Court of Appeals has dismissed an appeal taken to it from a judgment of affirmance rendered by the General Term, upon the ground that the appeal being taken on the judgment roll alone and no case being made containing the evidence, exceptions to the findings of fact by the trial court present no questions for review in the Court of Appeals, the Supreme Court will not grant an order allowing the defeated party to file, *nunc pro tunc,* conclusions of law proposed by it and refused by the trial justice, and to annex the same to the judgment roll as of the date of the entry thereof, four years previously; nor will it allow such party to file and serve amended exceptions to such decision, *nunc pro tunc,* as of the date of the trial.

*Quære,* whether any power exists in the Supreme Court to authorize an amendment of its record after the final determination or disposition of the case by the Court of Appeals.

APPEAL by the defendants, The New York Iron Mine and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Queens on the 18th day of November, 1898, granting the plaintiff leave to file the conclusions of law presented by him to the justice presiding at the trial of the action and refused by him, *nunc pro tunc* as of the 25th day of October, 1894, and directing them to be annexed to the judgment roll filed in the action, and granting leave to the plaintiff to file and serve amended exceptions in lieu of those filed November 2, 1894, *nunc pro tunc* as of that date.

*Frank E. Smith,* for the appellants.

*Roger M. Sherman,* for the respondent.

HATCH, J. :

This case was tried before Mr. Justice WILLARD BARTLETT and his decision rendered therein dismissing the plaintiff's complaint on the 25th day of October, 1894. From the judgment entered thereon the plaintiff appealed to the General Term of the Supreme Court, where the judgment was affirmed. From the judgment of affirmance the plaintiff appealed to the Court of Appeals, which court dismissed the appeal upon the ground that the appeal being upon the

judgment roll alone, and no case being made containing the evidence, exceptions to the findings of fact by the trial court presented no question for review in the Court of Appeals. (*Drake* v. *New York Iron Mine*, 156 N. Y. 90.) Subsequently the plaintiff moved for a reargument, or in the alternative that the remitittur be amended, which motion was denied. (Id. 697.) Thereupon the plaintiff moved at Special Term for an order allowing him to file *nunc pro tunc* as of the date of October 25, 1894, conclusions of law proposed by him and refused by the trial justice, and that the same be annexed to the judgment roll as of the date of entry thereof, and that the plaintiff also have leave to file and serve amended exceptions to such decision filed on the second day of November, *nunc pro tunc*, as of the date of the trial. This order having been granted, the defendant appeals.

It is well settled that the Supreme Court has power, after an appeal to the Court of Appeals, to authorize an amendment of its record in order that the same may be made to speak the truth of all the facts appearing before it. (*National City Bank of N. Y.* v. *N. Y. Gold Exchange Bank*, 97 N. Y. 645.) This authority has been frequently exercised, especially by authorizing a statement that the determination of the court below was upon the law or upon the facts, or upon both the facts and the law. But so far as we are aware such power has never been exercised where the case has been submitted to the Court of Appeals and has been acted upon by such court, and final disposition made by its judgment. The practice which obtains in this State is much more liberal than has obtained in the Supreme Court of the United States, where the rule prohibits the allowance of any amendment after a bill of exceptions has once been made and filed. (*Michigan Insurance Bank* v. *Eldred*, 143 U. S. 293; *Müller* v. *Ehlers*, 91 id. 249.)

Possibly it is doubtful if any power exists in the Supreme Court to authorize an amendment of its record after the final determination or disposition of the case by the Court of Appeals. If such power exist, it certainly must be an extraordinary case that can invoke its exercise. If we assume that such power is possessed by us, it is quite certain that the propriety of its exercise may well be doubted; at all events as applied to the facts of this case; and in declining to exercise such power we but follow the determination of

the Court of Appeals itself in respect of a similar application where the court in denying it used this language: "The learned counsel for the defendants requested us, in case we reached a conclusion upon the law different from that reached by the court below, that we should suspend our decision and give him an opportunity to apply to that court for an order showing a reversal of the judgment of the referee upon the facts as well as the law. This request we cannot grant. That court filed its decision nearly two years ago. The appeal to this court was taken more than one year ago, and to grant the request now, after the case has been argued, submitted to us, and a conclusion reached thereon, would not be just to the plaintiff. There is no suggestion that the court below actually reversed the judgment upon questions of fact, and the opinion there pronounced shows that the reversal was upon the law of the case. It certainly would not be proper, after the appeal has been taken to this court, to allow a new decision to be made by that court to defeat such appeal. If, however, that court actually did reverse the judgment upon the facts as well as the law, the defendants should, before the argument and submission of the case, and with proper diligence, have taken proceedings to have the order there made so amended as to express the truth. It is too late now. To hold otherwise would be setting a precedent which would lead to great embarrassment in our practice and injustice to parties." (*Hamlin* v. *Sears*, 82 N. Y. 327.)

It is clear from the facts appearing in this case that the rule of the foregoing quotation should be enforced. It is now over four years since the judgment was rendered. When the case was pending before the Court of Appeals, and in a condition where the plaintiff might have made a motion to amend his record if he so desired, and before argument, the defect upon which the court based its determination was pointed out to the plaintiff, and he then understood that the objection which subsequently controlled the action of the court would be taken. It was made to appear by the plaintiff upon this motion that he was fully apprised of such point, made critical examination of the same, and reached the conclusion that the questions which he sought to present in the Court of Appeals were sufficiently raised by the exceptions which then appeared in the rec-

ord.   Having elected to take his chances of an adverse decision upon the record which he had made up, and being in no wise misled, by ignorance or otherwise, he ought not now, in the orderly administration of the law, to be heard to complain.   It is the public policy of the State that litigation shall sometime have an end, and where a party has had an opportunity to present his case to the court upon a record of his own making, and which he deems sufficient, he cannot thereafter make a new record for the purpose of having his case reheard.   To adopt such a rule of law would leave the judgments of the court of last resort open to be continually disturbed in their finality, and would impose upon the court an obligation which, in the present state of burdens already imposed upon it, would render impracticable the determination of causes and the final ending of litigation. . It is no answer to say that the plaintiff has never had a determination of the case upon its merits.   The fault for such fact rests with him, and his fate in this regard is by no means unusual, for very many of the judgments rendered by the Court of Appeals and other appellate tribunals proceed upon questions of law in which the merits of the controversy are not involved, and when, perhaps, correct practice might have sufficed to have procured a decision upon the merits.   These cases are so frequent that were it once the established rule that a party might litigate and invoke the judgments of all the courts in the State, be beaten upon his legal propositions, and then come back and renew the same proceedings in the appellate tribunals, upon no other basis or reason than that he had mistaken his practice, or failed to have his record contain the true case as it appeared upon the trial, there would be little dispatch of business or end to litigation.

In the present case, as we have already stated, the plaintiff has not even the excuse that he was misled in the court of last resort. There is, therefore, no basis upon which he can now ask that a new record shall be made up.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied. ,

All concurred, except BARTLETT, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.