The plaintiff, on the first day of May, 1891, borrowed of the defendant, a building and loan association, the sum of $2,600.00, giving his bond for the amount, with annual interest at six per cent, secured by mortgage on real estate in the city of Utica. On or about the 29th day of March, 1894, the plaintiff duly tendered to the defendant the sum of $2,080.00 and demanded the cancellation and satisfaction of the bond and mortgage. The sum so tendered represented the amount then claimed to be due after charging plaintiff with the mortgage debt and interest and crediting him with all payments made defendant under the provisions of the mortgage. The tender was refused, and plaintiff began this action alleging that the bond and mortgage were obtained by false and fraudulent representations, and by concealment as to the contents thereof, and praying that on payment of the sum tendered the same be adjudged null and void, and that the mortgage be canceled and discharged of record.
The trial court found, among other things, that for the purpose of inducing plaintiff to execute and deliver the bond and mortgage, the defendant represented to plaintiff that he would have only $2,400.00 to pay of principal, interest would be only three and one-half to four per cent, and that he would have to pay on the mortgage only from six and one-half to seven years, because the defendant had made from fifteen to twenty per cent every year; that plaintiff subscribed for twenty-six shares of the defendant's stock as required in order to procure the loan; that in the year 1891 the defendant's receipts were $8,662.84; expenses, $5,444.51, leaving a balance over expenses of $3,218.33; that plaintiff paid to defendant prior to March 29th, 1894, the date of his tender, $998.40; that the defendant claimed that instead of the amount tendered there was due on the bond and mortgage at that time the sum of $2,409.14; that there was no fraud on the part of *Page 250 
the defendant in negotiating the loan, which entitled the plaintiff to the relief for which he prayed.
The conclusion of law followed that the complaint be dismissed, with costs. The trial judge handed down an opinion in which he stated, in substance, that the representations as to past earnings were made by the defendant, and the evidence showed them to be true.
In this connection the language of the opinion is: "Upon all the evidence on the subject of fraud I do not see how I can find there was fraud on the part of the defendant, or its agent Donohue, in negotiating this loan, which entitles the plaintiff to have this bond and mortgage canceled and discharged of record on paying the amount tendered."
The Appellate Division reversed the judgment of the Special Term and ordered a new trial. The order of reversal does not state it was made on the facts, and we must assume it was on questions of law. (Code of Civil Procedure, § 1338.)
When the appeal was first called in this court the counsel for the plaintiff and respondent was admonished that it was unsafe for him to proceed with the argument in the existing state of the record. An adjournment was granted to afford counsel for the respondent an opportunity to move the Appellate Division to amend its order so as to state that the reversal was on the facts as well as the law, and an intimation was given that in the event of the granting of the motion the appellant would be allowed to withdraw his appeal.
After a considerable interval this appeal was again moved, and as counsel for plaintiff and respondent has failed to amend his order, it remains for us to render our decision on the record as it stands.
This court has very recently decided that where a judgment is not reversed upon a question of fact, but on the law, three questions only can be considered: Error in receiving or rejecting evidence; whether the conclusions of law are supported by the facts found; whether any material finding of fact was without evidence to support it. (National Harrow Co. v. E. Bement Sons, 163 N.Y. 505.) *Page 251 
There are no questions on the reception or rejection of evidence requiring attention, and the Appellate Division, in order to reverse, must have found error of law in material findings of fact unsupported by any evidence, or conclusions of law not sustained by the facts found. The record discloses no errors of law in these particulars.
The finding of fact that the receipts of the defendant were $3,218.33 in excess of expenses, rests upon sharply conflicting evidence. The plaintiff's expert differed with the defendant's expert as to the manner in which the annual accounts, which involved complicated figures, should be made up in order to ascertain whether there had been a profit or loss in the business. The difference of opinion was mainly upon the aggregate amount representing the sum charged shareholders not exceeding a dollar per share per annum. The plaintiff's expert swore this item of assessment could not be properly regarded as part of the receipts of the defendant, and the defendant's expert took the contrary view.
The trial court stated the account according to the evidence of defendant's expert, thereby establishing the truth of defendant's representations as to former earnings.
This view of the evidence and stating of the account also justified the finding of no fraud on the part of the defendant. These findings of fact support the conclusions of law that the plaintiff is not entitled to maintain this action and that the complaint must be dismissed.
This plaintiff, who can neither read nor write, seems to have entered into a contract, not only complicated in its terms, but very unfavorable to the borrower of money.
It is to be regretted that the state of the record, which shows a case of great hardship, precludes the plaintiff from securing any relief.
The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, without costs to either party in this court.
PARKER, Ch. J., O'BRIEN, HAIGHT, VANN, LANDON and CULLEN, JJ., concur.
Order reversed, etc. *Page 252