FREDERICK HINCKEL, Appellant, *v.* JENNIE B. STEVENS, Respondent.

1. APPEAL — PRESUMPTION AS TO REVERSAL. Where an order of the Appellate Division, in reversing a judgment of the Special Term and granting a new trial, fails to state that the reversal was upon the facts, the Court of Appeals is compelled to assume that the judgment was reversed for errors of law alone, although a reference to the opinion indicates that the contrary is the fact.

2. TITLE TO THE BED OF A NON-NAVIGABLE STREAM. In an action to restrain a trespass and the taking of ice from a creek, the complainant's title to which is deduced from a grantor to whom a patent for a large tract of land was issued by the Dutch government, a claim that the patentee had never obtained title to the creek and the land forming its bed by reason of the rule of the civil law, under which such patents are to be construed, that the waters and bed of a stream navigable in fact, though lying above the ebb and flow of the tide, remain in the sovereign and do not pass under his grants, is defeated by a finding of the trial court that the creek is not navigable, and also by the fact that the grantor received a subsequent patent from the Colonial government, after the colony had passed into the hands of the English, which must be construed by the common law and undoubtedly conveyed the title to the stream and its bed.

3. RESERVATIONS IN DEED, NOT FOR THE BENEFIT OF STRANGERS. A reservation of "all creeks, streams and ponds of water and their beds or lands under water," in a deed from the successor in title of the original patentee, does not inure to the benefit of strangers to the deed.

*Hinckel* v. *Stevens,* 35 App. Div. 5, reversed.

(Argued November 16, 1900; decided December 11, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

December 13, 1898, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Murray Downs* and *Robert G. Scherer* for appellant. The plaintiff was entitled to a permanent injunction upon the decision of the trial court. (*Meyer* v. *Phillips*, 97 N. Y. 485; *Garvey* v. *L. I. R. R. Co.*, 159 N. Y. 332.) The title to the land vested in the Van Rensselaers under the Dutch and English patents, and from the time of the Dongan and Queen Anne grants the Van Rensselaers had a title in fee to the bed of the Normanskill creek. (*People ex rel.* v. *Jessup*, 160 N. Y. 249; *Johnson* v. *McIntosh*, 8 Wheat. 572; *Arnold* v. *Mundy*, 1 Halst. 86; *Child* v. *Starr*, 4 Hill, 372; *Mayor, etc.,* v. *Hart*, 95 N. Y. 450; *Mortimer* v. *N. Y. C. R. R. Co.*, 25 J. & S. 244; *People* v. *Platt*, 17 Johns. 211.)

*Marcus T. Hun, Learned Hand* and *Frederick W. Cameron* for respondent. The plaintiff is not the owner of the bed of the Normanskill, the title to which is in the people of the state of New York. (*People* v. *Page*, 39 App. Div. 110.) The clause in the Congdon deed conveys to the defendant a right to take ice. It effects a reservation to Van Rensselaer of the water rights which were being then used by himself and his tenants. (*Smith* v. *Cornell University*, 21 Misc. Rep. 220; *Borst* v. *Empie*, 5 N. Y. 33; *Hathaway* v. *Paine*, 34 N. Y. 92; *Bland* v. *Lipscombe*, 4 El. & Bl. 713; *Goodrich* v. *Burbank*, 12 Allen, 459; *Amidon* v. *Harris*, 113 Mass. 59; Washb. on Ease. [3d ed.] 10, 11, 12, 36, 126, 217; *Mayor, etc.,* v. *Law*, 125 N. Y. 380.) The Van Rensselaers did not acquire under their grant from the Dutch government title to the bed of the Normanskill. (*People* v. *Snyder*, 41 N. Y. 397; *Howard* v. *Moot*, 64 N. Y. 262; *Jephson* v. *Riera*, 3 Knapp P. C. 151; 17 Wend. 584; *Blankard* v. *Galdy*, Salk. 411; *Denton* v. *Jackson*, 2 Johns. Ch. 320; *U. S.* v. *Perot*, 8 Otto, 428.)

*Per Curiam.* This appeal presents a case unfortunately lately of frequent occurrence (*First Nat. Bank* v. *Miller,* 163 N. Y. 164; *Spence* v. *Ham,* 163 N. Y. 220; *National Harrow Company* v. *Bement & Sons,* 163 N. Y. 505; *Neuman* v. *N. Y. M. S. & Loan Association,* 164 N. Y. 248) in which, as the order of the Appellate Division fails to state that the reversal was on the facts, we must, under section 1338 of the Code of Civil Procedure, assume that the judgment of the Special Term was reversed for errors of law alone, although a reference to the opinion indicates that the contrary is the fact. The action is in equity to restrain the defendant from trespassing on a pond owned by the plaintiff, and taking ice therefrom. The answer puts in issue the plaintiff's title and pleads adverse possession by the defendant for more than twenty years. The pond is on Normanskill creek in the county of Albany. The title of the plaintiff is deduced from Killian Van Rensselaer to whom a patent for a large tract of land was issued by the Dutch government. After the surrender of the colony to the English a grant was made by Lieutenant-Governor Dongan to Van Rensselaer embracing the same premises. In 1831 Stephen Van Rensselaer, successor in title to the original patentee, leased in fee to Elizabeth and Thomas Hun a tract of three hundred and fifty acres, bounding the tract by the bank of the Normanskill creek, and excepting and reserving in express terms all creeks, streams and ponds of water and their beds or lands under water. The defendant deduced her title from the Huns, and evidence was given tending to show that her predecessors in title from the year 1840 to 1860 or thereabouts, had each winter taken ice from the pond. The court at Special Term found that the record title was in the plaintiff; that the defendant had not established title to the bed of the pond by adverse possession, and granted judgment restraining the defendant from trespassing upon the pond or cutting ice therefrom. The judgment was reversed by the Appellate Division, the order, as already said, not stating that the reversal was on questions of fact.

From the opinion of the court it appears that the Appellate Division regarded the question of the plaintiff's record title and the defendant's claim of title by adverse possession as properly decided by the trial court. But it was of opinion that on the testimony the court below should have found that the defendant and her grantors had acquired by prescription the right to take ice from the pond as a *profit a prendre* or easement appurtenant to the farm owned by them. For this reason it reversed the judgment. While the evidence would have justified a finding of the Special Term that the defendant and her predecessors had taken ice from the pond for a period of more than twenty years, that was not conclusively established. The most that can be said is that the testimony presented a question of fact for determination by the trial court, a determination which the Appellate Division had the power to review and reverse if it was deemed erroneous, provided it saw fit to reverse the judgment for errors of fact. The state of the proof did not present a question of law either to the Appellate Division, or to this court. (*National Harrow Co.* v. *Bement & Sons, supra.*) Our power is, therefore, limited to an inquiry whether there is any evidence to support the findings of the Special Term. For, if based on sufficient evidence, they unquestionably justify the conclusions of law and the judgment awarded thereon.

The only attack on the plaintiff's title which it is necessary to notice is the claim that under the patent to him, Killian Van Rensselaer, the original patentee, did not acquire title to Normanskill creek and the land forming its bed. This claim is based on the proposition that, under the civil law by which Dutch patents are to be construed, the waters and bed of a stream navigable in fact, though lying above the ebb and flow of the tide, like the beds of other highways, remain in the sovereign and do not pass under his grants. To this claim there are two answers: *First*, the Special Term has found that the Normanskill is not navigable. *Second*, Killian Van Rensselaer received a subsequent patent or grant from the Colonial government after the colony had passed into the

hands of the English. This patent, which must be construed according to the common law, granted to Van Rensselaer "all and every   *   *   *   rivers and creeks" on the premises, and undoubtedly conveyed the title to the streams and their beds. (*Smith* v. *City of Rochester*, 92 N. Y. 463.) As to the reservation in the deed from Philip Van Rensselaer to William Congdon, through which the plaintiff traces his title, that reservation could not inure to the benefit of strangers to the deed. (*Craig* v. *Wells*, 11 N. Y. 315; *Bridger* v. *Pierson*, 45 N. Y. 601; *Ives* v. *Van Auken*, 34 Barb. 566.)

The order of the Appellate Division must be reversed and the judgment of the Special Term affirmed, with costs.

GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., and LANDON, J., not sitting.

Order reversed, etc.