JOHN FRITZ, Appellant, *v.* WINFIELD TOMPKINS, Respondent.

1. APPEAL — WHEN QUESTION AS TO BAR OF FORMER JUDGMENT NOT PRESENTED. The question whether or not a former judgment is a bar to a subsequent action between the same parties cannot be considered by the Court of Appeals upon an appeal from an order reversing a judgment therein upon questions of law and granting a new trial, where, although it was read in evidence upon the trial without objection, it was not pleaded as a bar and the trial court made no finding of fact or conclusion of law concerning the same.

2. QUESTIONS AS TO WEIGHT OF EVIDENCE NOT REVIEWABLE. A contention that a finding is against the weight of evidence cannot be considered by the Court of Appeals, that court being confined to the question of law as to whether a material finding of fact is without any evidence to support it.

3. EASEMENTS — RIGHT OF WAY, WHEN NOT EXTINGUISHED BY UNITY OF OWNERSHIP. Where a right of way has been created by deed and it has been open, visible and necessary and in continuous use for nearly twenty-five years, except during a brief interval when both the dominant and servient estates became united in the same owner, who for his convenience took a shorter route, such unity of ownership does not extinguish

the right of way, but suspends it, and when both estates have subsequently been conveyed without reference to it by deeds absolute, it is revived and must be read into them.

*Fritz* v. *Tompkins,* 39 App. Div. 73, reversed.

(Argued October 10, 1901; decided November 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 23, 1899, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edwin D. Wagner* for appellant. The order of the Appellate Division reversing the judgment does not state the reversal was upon the facts, and, therefore, it must be presumed under section 1338 of the Code of Civil Procedure that the judgment was not reversed upon a question of fact, but upon the law. (*Nat. Harrow Co.* v. *Bement & Sons,* 163 N. Y. 505; *Neuman* v. *N. Y. M. S. & L. Assn.,* 164 N. Y. 248.) By the sale in the foreclosure proceedings of lot 5 the title to the easement passed as an appurtenant to the dominant estate by a deed thereof. (*Colburn* v. *Marsh,* 68 Hun, 269; 144 N. Y. 657; Tiedeman on Real Prop. 594, § 597.) When Egbert A. Clark, the owner of both lots, sold lot 6 to the defendant, there was an implied reservation of a right of way by necessity in Clark as the owner of lot 5 over lot 6. (19 Am. & Eng. Ency. of Law, 96, 97; *Simmons* v. *Sines,* 4 Abb. Ct. App. Dec. 246.) This right of way from lot 5 over lot 6 had been located upon the route in question by an open and notorious user by the plaintiff ever since he had been the occupant of lot 5, and this use had been acquiesced in by the defendant. (Am. & Eng. Ency. of Law, 105, 106.) The judgment obtained by the defendant in the trespass action is not a bar to the plaintiff's right to recover in this action. (*Marston* v. *Swett,* 66 N. Y. 206; *Masten* v. *Olcott,* 101 N. Y. 152; *Dawley* v. *Brown,* 79 N. Y. 390.)

*Wesley Gould* for respondent. When Clark became the owner of lots 5 and 6 the title was unified in him, and all prior rights relating to the premises were merged in the common title. Having sold lot 6 to the defendant without reserving any right of way whatever, no easement could exist in favor of the grantor. (*Wells* v. *Garbutt*, 132 N. Y. 430; *Paine* v. *Chandler*, 134 N. Y. 385; *Johnson* v. *Jordan*, 43 Mass. 234; *Burr* v. *Mills*, 21 Wend. 290.) A way is not a continuous easement. (*Parsons* v. *Johnson*, 68 N. Y. 62; *Longendyke* v. *Anderson*, 101 N. Y. 625; Washburn on Easements, 21; Gale on Easements, 305; *Lampman* v. *Milks*, 21 N. Y. 505.) The right to build fence, or any right to use premises in question given by defendant to plaintiff, was but a parol license and revocable at any time, and the closing of this claimed right of way was a revocation of such license. (*Dexter* v. *Hazen*, 10 Johns. 246; *Crosdale* v. *Lanigan*, 129 N. Y. 604.) The defendant in this action having put obstructions in the claimed right of way, and upon their removal by plaintiff brought action in trespass, and the plaintiff here having pleaded title and the matter being at issue in the Supreme Court and a judgment rendered therein in favor of this defendant against this plaintiff, and the question at issue in such action being between the same parties and for the same subject-matter and over the same claimed right of way, and the judgment roll in the former action having been put in evidence upon the trial of this action, the same is final and conclusive between the parties as to every matter litigated or which might have been litigated in the former action. (*Pray* v. *Hegeman*, 98 N. Y. 351; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Nemetty* v. *Naylor*, 100 N. Y. 562; *Wright* v. *Miller*, 147 N. Y. 362; *Dunham* v. *Bower*, 77 N. Y. 76; *Shearer* v. *Field*, 6 Misc. Rep. 189; *Foulke* v. *Thalmessinger*, 158 N. Y. 725; *Lawton* v. *Hudson*, 19 App. Div. 522; *Govin* v. *Miranda*, 29 N. Y. Supp. 347.) The presumption is that every question relating to the rights of the parties to this action, in and to the *locus in quo* was fairly up, litigated, passed upon and determined in the former action. (*Ins. Co.*

v. *Bishop*, 1 Daly, 449; *Wright* v. *Miller*, 147 N. Y. 362;
*Jacobie* v. *Mickle*, 144 N. Y. 237; *Reich* v. *Cochran*, 151 N.
Y. 122; *Foulke* v. *Thalmessinger*, 1 App. Div. 598; 158 N.
Y. 725; *Bank of Metropolis* v. *Lissner*, 6 App. Div. 378;
*Beebe* v. *Elliott*, 4 Barb. 457; *Blair* v. *Bartlett*, 75 N. Y.
150; *Pray* v. *Hegeman*, 98 N. Y. 351.) The former adju-
dication being in evidence in this case has the same effect as
it would if pleaded and then put in evidence. (*Bank of
Metropolis* v. *Lissner*, 6 App. Div. 378; *Krekeler* v. *Ritter*,
62 N. Y. 375; *Foulke* v. *Thalmessinger*, 1 App. Div. 598;
158 N. Y. 725.)

BARTLETT, J. This action was commenced on the 14th day
of December, 1893, to restrain the defendant from obstruct-
ing a private road or right of way, to the use of which plain-
tiff was alleged to be entitled, over the lands of the former.
The answer pleads title in fee in the defendant and denies
that the plaintiff is entitled to the use of the alleged right of
way.

The parties own adjoining farms; the farm of the plaintiff
is known as lot five and that of the defendant as lot six. The
farm of the defendant lies to the north of the plaintiff's, and
is crossed from southeast to northwest by a public highway.
The east line of plaintiff's farm does not touch the highway,
and the plaintiff has no mode of egress or ingress except over
the right of way that crosses the dividing line of the farms near
the east boundary thereof, and for a short distance traverses
the southeast corner of defendant's lot to the highway.

On July 9th, 1870, one Parminter was the owner of both
lots, and on that day he conveyed lot five to one Reynolds.
In the deed he gave Reynolds a right of way over and across
the corner of lot six in the following language: "Also hereby
granting to the said party of the second part the right to use
the private road excepted and reserved from the premises
granted and conveyed unto Ingraham Hulburt by said party
of the first part by warranty deed, bearing even date herewith,
to which reference is made." On the same day, the 9th of

July, 1870, Parminter conveyed lot six to Hulburt, reserving the right of way to Reynolds as above set forth.

These lots continued to be used as separate farms and owned by different persons down to about July, 1881, at which time both were purchased under foreclosure by one Egbert A. Clark, and prior to Clark's purchase the private road had been used without interference or interruption.

In December, 1882, Clark conveyed lot six to the defendant Tompkins, the deed containing no reservation of the said right of way.

In January, 1884, the plaintiff became the purchaser of lot five, and went into possession under a contract with Clark. After the execution of the contract Clark died, and subsequently the plaintiff received a warranty deed from Harriet S. Clark, the widow, who had become vested with title. Neither the contract nor the deed contained any particular or general words indicating an intention to grant or reserve the right of way, which is 163 feet long and of sufficient width for the passage of teams. The court found that this right of way has been opened and used continuously by the different owners and occupants of lot five since 1869; that it was at all times well defined, considerably traveled, open and visible; that the use and occupation thereof was never interrupted or interfered with down to the time the obstructions complained of in this action were placed therein by the defendant; that there has been no route for reaching the public highway from lot five, except across the corner of lot six and over the right of way in question, without going on the lands of strangers; that the only suspension of the user of the right of way was during a short time when both lots were owned by Clark and his heirs, for the reason it was more convenient to reach lot five from the buildings upon lot six in another direction across the meadow of the latter lot; that in 1891 or 1892 the plaintiff built a barbed wire fence, with the knowledge and consent of the defendant, along the side of the private way in question and between the same and the lands of the defendant; that a short time prior to the 26th of

October, 1893, the defendant placed obstructions across the right of way, which were soon thereafter torn down by the plaintiff, and the defendant then built other and substantial obstructions, which were removed by .the plaintiff; and on the 26th of October, 1893, the defendant laid a stone wall across said right of way and placed stumps therein and a large amount of stones, brush and rubbish; that on the 11th of December, 1893, the plaintiff obtained a temporary injunction, and the same together with the summons and complaint in this action were served upon the defendant, and since that time the plaintiff has had the use and enjoyment of the private way.

After finding these facts the trial court decided that the plaintiff had been damaged to the amount of six cents, and found as conclusions of law that the plaintiff had no other way of egress or ingress to and from said premises from the public highway, except over and along the aforesaid right of way, without trespassing upon the lands of strangers; that the said right of way is necessary to the enjoyment of the said plaintiff, his heirs and assigns; that the plaintiff was entitled to an injunction restraining defendant from obstructing or interfering with the right of way, and to a judgment for six cents damages and costs. The Appellate Division reversed the judgment and ordered a new trial.

The plaintiff appeals and defendant seeks to sustain the order on two grounds: (1) That a former judgment between the same parties and read in evidence on the trial is a bar to this action; (2) that the dominant estate, lot five, having been conveyed to the plaintiff without reserving the right of way in terms over lot six, the right of way was lost, for the reason that when Clark became the owner of both lots said right was merged in the title and could only be perpetuated by a reference to the same in the subsequent grants to the plaintiff and defendant.

As to the former judgment read in evidence being a bar to this action, it is obvious that the question is not before us.

34

It does not appear, on the face of the order appealed from, that the reversal was on questions of fact; therefore, it must be presumed it was upon questions of law. (Code, § 1338.)

This being so, we are confined to the consideration of three questions of law, viz., rulings as to the admission or rejection of evidence; are the conclusions of law supported by the facts found; are there material findings of fact without evidence to sustain them. (*National Harrow Co.* v. *Bement & Sons,* 163 N. Y. 505; *Neuman* v. *N. Y. Mut. S. & L. Assn.,* 164 N. Y. 248.)

The judgment read in evidence was not pleaded as a bar to this action and the trial judge made no finding of fact or conclusion of law concerning the same.

The judgment and the judgment roll were read in evidence by the defendant without objection and are a part of the proofs contained in this record, but without an appropriate finding of fact and conclusion of law the question now sought to be raised is not presented for consideration.

We come then to the question as to the effect of the deeds from Clark and his widow to the defendant and plaintiff, respectively, omitting, as they did, any reference to the right of way in question.

The defendant not only contends that the right of way was merged in Clark's title and ceased to exist the moment he became the owner of both lots, but urges that the great weight of evidence establishes that plaintiff had abandoned the right of way. There is no claim that the findings to the effect that plaintiff did not abandon the right of way and that it was always open, visible and uninterrupted, were without evidence to support them. This court cannot consider the defendant's point that the weight of evidence is with him; it is confined to the question of law whether a material finding of fact is without any evidence to support it.

For the purposes of this appeal we are bound to assume that the right of way has been open, visible, necessary and in continuous use since 1869, except during the brief interval when Clark, as the owner of both lots, took a shorter route

to suit his convenience. Even then the right of way was not closed but remained as before.

In view of these facts that are conclusive here there was no merger or extinguishment of the right of way when Clark took title, or when he and his widow conveyed to the plaintiff and defendant respectively by absolute deed.

In *Colburn* v. *Marsh* (68 Hun, 269 ; affd., on opinion below, in 144 N. Y. 657) it was held that not only does the presumption of a grant arise from the fact of open, notorious, uninterrupted, undisputed and adverse user of an easement of right of way, but every such user is presumed to have been under claim of title and adverse, and the burden is upon the party alleging that the user was by virtue of a license or permission to prove that fact by affirmative evidence. It was further held that such a right of way passed as an appurtenant of the estate with no further reference in the deed.

In *Paine* v. *Chandler* (134 N. Y. 385) it was held that when the owner of land sells and conveys part thereof he impliedly grants all those apparent and visible easements which at the time of the grant were used by said owner for the benefit of the part granted, and which are necessary for the reasonable use thereof.

In *Smyles* v. *Hastings* (22 N. Y. 217) the court recognizes the doctrine that where a lot is inaccessible without passing over the lands of the grantor or of strangers a right of way, irrespective of the express terms of the grant, passed as a way of necessity.

In *Huttemeier* v. *Albro* (18 N. Y. 48) absolute deeds excluded a certain alley which had been used as a way of ingress and egress, but it was held that a right of way, under the facts, passed to the grantees. The court said (page 52) : " Whether a right of way or other easement is embraced in a deed is always a question of construction of the deed, having reference to its terms and the practical incidents belonging to the grantor of the land at the time of the conveyance. The intention of the parties is to be learned from those facts. (4 Kent's Com. 467, and cases there cited ;

*United States* v. *Appleton*, 1 Sumn. 492; *N. I. W. L. Fac.* v. *Batchelder*, 3 N. H. 190; *Pyer* v. *Carter*, 40 Eng. L. & Eq. 413.)"

In the case at bar a right of way by necessity was originally created, has continued in use without interruption, and must be read into the deeds from Clark and his widow to the parties herein.

The respondent seeks to meet this general and well-established rule by the suggestion that where both the dominant and servient estates are united in the same person, and he afterwards conveys the servient estate without reservation of the right of way existing by necessity, the latter is extinguished, as it would be in derogation of his grant to insist upon it.

The law is well settled to the contrary. Where there is a unity of ownership, a previous right of way, which came into existence by necessity, is in suspension, but the moment a severance takes place by conveyance of the servient estate by deed absolute, then the servitudes are revived, in favor of the grantor, that previously existed.

It has been frequently held in England, and in this and other states, that the same rule which allows a grantee a right of way by necessity applies if the grantor retains the dominant estate and grants the servient without securing the right of way by appropriate provision in the latter conveyance. (*Buckby* v. *Coles & Price*, 5 Taunt. 311; *Simmons* v. *Sines*, 4 Abb. Ct. App. Dec. 246; *Pingree* v. *McDuffie*, 56 N. H. 306; *Brigham* v. *Smith*, 70 Mass. 297; *Seymour* v. *Lewis*, 13 N. J. Equity, 439, 443, 444, and cases cited.)

In *Lampman* v. *Milks* (21 N. Y. 505, 507) Judge SELDEN said: "The rule of the common law on this subject is well settled. The principle is, that where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement, or portion sold, with all the benefits and burdens which appear, at the time of the sale, to belong to it, as between it and the property which the vendor retains."

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs to the plaintiff in all the courts.

PARKER, Ch. J., GRAY, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Ordered accordingly.