DUNLAP & CO., Respondent, v. WILLIAM YOUNG, Appellant.

APPEAL — REVERSAL BY THE APPELLATE DIVISION UPON THE LAW. Where upon an appeal from an order of the Appellate Division reversing upon the law a judgment of the Special Term entered upon a dismissal of the complaint and granting a new trial, the objections and exceptions to the admission of evidence present no reversible error, and the conclusions of law are supported by the facts found, and the record discloses no material finding of fact which is without evidence to support it, the order must be reversed and the judgment of the Special Term affirmed.

*Dunlap & Co.* v. *Young,* 68 App. Div. 137, reversed.

(Argued March 30, 1903; decided April 7, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 7, 1902, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank X. McCaffry* for appellant. The facts shown upon the trial support and sustain the conclusions of law and findings of fact of the trial court. (*N. H. Co.* v. *Bement,* 163 N. Y.

507; *Shotwell* v. *Dixon*, 163 N. Y. 47; *Hinckel* v. *Stevens*, 165 N. Y. 173; *Townsend* v. *Bell*, 167 N. Y. 467; *Galway* v. *M. E. R. Co.*, 128 N. Y. 156; *Rayner* v. *Pearsalls*, 3 Johns. Ch. 586; *Brown* v. *Buena Vista County*, 95 U. S. 160; *Moffett* v. *P. W. Co.*, 83 Hun, 73; *Wagner* v. *Baird*, 7 How. [U. S.] 234; *Harwood* v. *C. A. L. R. R. Co.*, 17 Wall. 78.) The record discloses no error in receiving or rejecting evidence. (*Donovan* v. *Clark*, 138 N. Y. 631; *Townsend* v. *Bell*, 167 N. Y. 470.) There is affirmative evidence showing that ordinary attention on the part of the purchaser would enable him to discriminate between the trade mark of plaintiff and the trade mark of defendant, which evidence supports the findings of fact. (*Popham* v. *Cole*, 66 N. Y. 69; *Hier* v. *Abrahams*, 82 N. Y. 523; *Morgan's Sons & Co.* v. *Troxell*, 89 N. Y. 208; *Williams* v. *Brooks*, 50 Conn. 291; *Marshall* v. *Pinkham*, 52 Wis. 578; *Fischer* v. *Blank*, 138 N. Y. 252; *Brown* v. *Doscher*, 147 N. Y. 649; *Day* v. *Webster*, 23 App. Div. 204; *Dunn Co.* v. *Trix Co.*, 50 App. Div. 77; *Coleman* v. *Crump*, 70 N. Y. 573.)

*John Henry Hull* for respondent. Where fraudulent intent is proved there need be no proof of actual deception. (*B. C. Co.* v. *Stern*, 56 App. Div. 143; *Vulcan* v. *Meyers*, 139 N. Y. 364; *Anmrgyros* v. *E. C. Co.*, 54 App. Div. 345.) The use of the defendant's name on a spurious trade mark is no defense to a bill to restrain the piracy. (*Pratt* v. *Darlington*, 10 Cent. Rep. 506; *Menendez* v. *Holt*, 128 U. S. 521; *C. & S. Co.* v. *Scott*, 4 Lack. Leg. Notes, 159; *Read* v. *Richardson*, 45 L. T. 54; *Gillett* v. *Esterbrook*, 47 Barb. 455; *Boardman* v. *M. B. Co.*, 35 Conn. 402; *D. C. Co.* v. *Guggenheim*, 7 Phil. 416.) No evidence of acquiescence that was not pleaded could be admitted. (*Beatty* v. *Swarthout*, 32 Barb. 293; *McKyring* v. *Bull*, 16 N. Y. 303.) The exception to admission of evidence as to *laches* was fatal. No such defense was pleaded. (*Rodgers* v. *Rodgers*, 31 L. T. N. S. 285; *Seegirt* v. *Findlater*, 26 West. Rep. 462; *Williams* v. *B. & A.*

*R. R. Co.*, 17 Blatchf. 21.)   The admission of the labels of other dealers without any proof that such labels were ever in use was error.   (*Filley* v. *Fassett*, 44 Mo. 168.)

*Per Curiam.*   This action seeks to restrain the defendant from manufacturing or selling, or offering for sale, any hats with the plaintiff's trade mark therein, or bearing such an imitation thereof as is calculated to mislead the purchaser. The complaint prays for damages in the sum of one hundred thousand dollars.

The defendant being satisfied with the condition of the record did not go down to a new trial, but appealed to this court, stipulating for judgment absolute in the event of affirmance.

The order of the Appellate Division does not state that the reversal was upon a question of fact, and, consequently, we must presume that it was on the law.   (Code of Civil Procedure, § 1338.)

In this condition of the record there are only three questions of law which we are permitted to examine : (1) Whether a material error was committed in receiving or rejecting evidence ; (2) whether the conclusion of law is supported by the facts found ; (3) whether any material finding of fact is without evidence to support it.   (*National Harrow Co.* v. *Bement & Sons*, 163 N. Y. 505 ; *Neuman* v. *N. Y. Mutual S. & L. Assn.*, 164 N. Y. 248, 250.)

We have carefully examined the objections and exceptions taken by the plaintiff to the admission of certain evidence, and have reached the conclusion that they do not present reversible error.   We deem it unnecessary to consider these exceptions in detail, as they are fully discussed in the briefs submitted.

We will now consider whether the conclusions of law are supported by the facts found.   The decision of the trial court states separately the facts found and the conclusions of law and directs judgment to be entered thereon.   (Code of Civil Procedure, § 1022.)   These findings, while in the "long form," are quite brief, as follows: " That plaintiff is a corporation

duly incorporated under the laws of the State of New York; that defendant did not sell hats with an imitation of plaintiff's trade mark with the design of deceiving the public and customers of plaintiff, and causing said customers to believe they were purchasing hats made by the plaintiff, as alleged in plaintiff's complaint; that the sale of plaintiff's hats has not been damaged by the sale of hats by defendant; that the resemblance between the hats of Dunlap & Company and the hats of the defendant containing said trade mark is not calculated to deceive the general public and buyers of plaintiff's hats, and that such buyers have not bought defendant's hats by reason of said trade mark under the impression that they were the plaintiff's, as set forth in the plaintiff's complaint; that the defendant did not infringe in any manner upon the plaintiff's trade mark, and did not engage in unlawful and unfair competition in trade."

The conclusions of law are to the effect that the defendant is entitled to judgment dismissing the complaint, with costs and disbursements, and judgment is ordered and directed accordingly.

As these findings of fact are binding upon this court, the conclusions of law are sustained unless a material finding of fact is without evidence to support it.

An examination of the record discloses no such finding of fact, and it follows that there is no error of law in this connection.

The order appealed from should be reversed and the judgment of the Special Term affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Order reversed, etc.