ELLERY COLBY et al., as Trustees for the Benefit of ELLERY COLBY et al., Appellants, *v.* THE TOWN OF DAY, Respondent.

APPEAL — GENERAL EXCEPTION TO DECISION OF TRIAL JUDGE, WHEN IT PRESENTS NO QUESTION OF LAW REVIEWABLE BY APPELLATE DIVISION. A general exception to the decision of a trial judge and to each and

every part thereof, with no specific exception to any particular finding or conclusion, is insufficient to present any question of law for review by the Appellate Division on an appeal from a judgment of the Special Term entered upon such decision.

Colby v. Town of Day, 75 App. Div. 211, reversed.

(Argued December 15, 1903; decided January 5, 1904.)

APPEAL from a judgment entered September 25, 1902, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff, entered upon a decision of the court at a Trial Term, without a jury, and dismissing the complaint.

*Nash Rockwood, George R. Salisbury* and *Oscar B. Glezen* for appellants.

*William D. McNulty* for respondent.

*Per Curiam.* It must be assumed that the judgment herein was reversed by the Appellate Division for errors of law only. (Code Civil Procedure, § 1338; *Hinckel* v. *Stevens*, 165 N. Y. 171, 173, and cases cited.) Therefore, the question is presented whether the exception filed by the defendant was sufficient to present any question of law which justified such reversal. We think there was not. The exception was general to the decision of the trial judge and to each and every part thereof, with no specific exception to any particular finding or conclusion. This court has recently held that such an exception was insufficient to present any question of law for review. (*Drake* v. *N. Y. Iron Mine*, 156 N. Y. 90.)

It follows that the court below had no authority to reverse the judgment of the Special Term, and hence its judgment must be reversed and that of the Special Term affirmed, with costs to the plaintiffs in all the courts.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.