■ CORRINE M. AYTON, Respondent, v JOAN P. BEAN, as Dean of Nursing of Long Island University, et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin Long Island University from preventing petitioner from attending nursing classes, the appeal is from a judgment of the Supreme Court, Kings County, dated July 31, 1980, which, *inter alia,* directed Long Island University to "conduct a due process hearing at which petitioner can examine her papers, give testimony and cross examine witnesses". Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Special Term concluded that the "Uni-

versity was justified in sending the letter \*\*\* wherein the petitioner was advised that she would not be registered in nursing courses." Nevertheless, finding that there had "been no due process hearing at which an official could go over the petitioner's examination paper with her", Special Term ordered such a hearing at which petitioner would have the rights to examine her papers, give testimony and cross-examine witnesses. Since this proceeding involves an academic decision by a private institution, Special Term erred in ordering a due process hearing. Petitioner was accorded every right to which she was entitled. Mangano, J.P., Rabin, Gulotta and Weinstein, JJ., concur.