### (February 22, 1983)

■ CORRINE M. AYTON, Respondent, v JOAN P. BEAN et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin Long Island University from preventing petitioner from attending nursing classes, the appeal is from an order of the Supreme Court, Kings County (Hirsch, J.), dated December 23, 1981, which granted petitioner's motion to authorize and direct the filing of proof of service of the notice of petition and petition, *nunc pro tunc,* as of the return date May 9, 1980, and to include said proof of service in the judgment roll. Order reversed, on the law, with $50 costs and disbursements, and petitioner's motion denied. In March of 1980 petitioner commenced an article 78 proceeding against appellants, seeking, *inter alia,* to restrain appellants from preventing her from attending nursing classes at appellant Long Island University. Appellants served an answer in which they set forth the affirmative defense of lack of personal jurisdiction over them. On July 31, 1980 Special Term granted petitioner her requested relief to the extent that the appellant university was ordered to "conduct a due process hearing at which petitioner can examine her papers, give testimony and cross examine witnesses" and "that no decision to terminate petitioner's status in the nursing program can be made by [appellant university] except by the appropriate committee after a full due process hearing". Appellants appealed to this court, and on March 9, 1981, we reversed the July 31, 1980 judgment and dismissed the proceeding on the merits (*Ayton v Bean,* 80 AD2d 839). From our order of

reversal, petitioner appealed to the Court of Appeals. Prior to submitting the record to the Court of Appeals, petitioner moved, at Special Term, for an order allowing her to file, *nunc pro tunc* as of May 9, 1980 (the return date of her petition), certain documents evidencing service, including an affidavit of service of her notice of petition and petition upon an individual, allegedly authorized to accept service on behalf of appellants, and an acknowledgement, by the same authorized individual, of service, and that said proof of service be included in the judgment roll. Petitioner, by her attorney, affirmed that she had inadvertently failed to submit to Special Term, at the time said court made its determination of July 31, 1980, the afore-mentioned documents evidencing service. Special Term granted petitioner's motion and this appeal followed. It is well settled that the Supreme Court has the power, after an appeal to the Court of Appeals has been taken and prior to its submission, "to authorize an amendment of its record in order that the same may be made to speak the truth of all the facts appearing before it" (*Drake v New York Iron Mine,* 38 App Div 71, 72; see *Peterson v Swan,* 119 NY 662; *Guernsey v Miller,* 80 NY 181, 183; *Matter of Wilhelm,* 63 AD2d 1120, 1121; *Bulkley v Whiting Mfg. Co.,* 136 App Div 479, 482-483). However, in the instant case, by permitting the affidavit of service and the acknowledgement of service to be included in the record, Special Term was not correcting or reforming an old record in order to indicate the true facts appearing before it at the time of its original determination but it was, in fact, making an entirely new record. To allow this type of amendment at this stage of the proceeding "would be setting a precedent which would lead to great embarrassment in our practice and injustice to parties" (*Hamlin v Sears,* 82 NY 327, 333; see *Sacks v Stewart,* 75 AD2d 536, 537). Mangano, J. P., Gulotta, Weinstein and Bracken, JJ., concur.