TRIANGLE RADIO SUPPLY CO., INC., Appellant, *v.* DE FOREST RADIO TELEPHONE & TELEGRAPH CO., INC., Respondent.

First Department, July 2, 1924.

Attachment — vacating warrant — motion made on ground of failure to comply with Civil Practice Act, § 905 — order vacating attachment was reversed on appeal on ground that summons was served in time — order will not be reversed on reargument on ground that order for publication was not founded on verified complaint as required by Civil Practice Act, § 232, and Rules of Civil Practice, rule 52, where said objection not raised on motion — said question should have been raised on motion as required by Rules of Civil Practice, rule 62.

An order vacating a warrant of attachment will not be affirmed on a reargument on the ground that the order for publication was not founded on a verified complaint as required by section 232 of the Civil Practice Act and rule 52 of the Rules of Civil Practice, where the motion to vacate the order was granted on the sole ground that the plaintiff failed to comply with the provisions of section 905 of the Civil Practice Act in that the summons was not served within the time required after the warrant was granted, and that order was reversed on the original argument on the ground that the service was made within time, for the question presented on reargument should have been raised as required by rule 62 of the Rules of Civil Practice on the motion to vacate the attachment, and not having been so raised, it will not be considered on a reargument of the appeal.

REARGUMENT of an appeal by the plaintiff, Triangle Radio Supply Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk

**88** Triangle R. S. Co., Inc., *v.* De Forest R. T. & T. Co., Inc.

First Department, July, 1924. [Vol. 210

of the county of New York on the 22d day of September, 1923, vacating an order for the publication of the summons and the warrant of attachment, and also from an order entered in said clerk's office on the 29th day of September, 1923, denying its motion to vacate the first mentioned order. (See 208 App. Div. 614; 209 id. 819.)

*Davidson & Davidson* [*Morse S. Hirsch* of counsel], for the appellant.

*Fisher & Deimel* [*Hyman Dominitz* of counsel], for the respondent.

McAvoy, J.:

Reargument of an appeal taken by the plaintiff from an order made at Special Term vacating a warrant of attachment, and an order for publication obtained by plaintiff, was ordered by this court on defendant's application.

Upon the appeal herein, when originally argued before this court, we reversed the order appealed from and denied the motion to vacate.

The main contention raised by the defendant, respondent, upon the motion for reargument is that the order of publication was not founded upon a verified complaint. The defendant, respondent says, too, that it does not appear that the complaint was served upon the defendant without the State, and that, therefore, service of the summons and notice was defective. The order for publication was made on August 13, 1923, and recites that it is based on the filing of complaint and the affidavit of Louis B. Davidson.

No opinion was rendered by the Special Term in deciding the motion below, and it must, therefore, be assumed that the motion to vacate was granted on the only ground set forth in the notice of motion, namely, " On the ground that plaintiff has failed to comply with the provisions of section 905 of the Civil Practice Act or any of them."

In the affidavits annexed to the moving papers at Special Term it was averred that the service of the summons herein was not made within thirty days after the granting of the warrant of attachment, the time limited by Civil Practice Act, section 905, and that, therefore, jurisdiction was not acquired of defendant and the attachment fell. We decided that since the defendant had, before the expiration of the said period of thirty days, stayed the plaintiff from proceeding, the period during which the said stay was operative was not to be considered in computing the time within which service should be made, and that the service was, therefore, timely.

On reargument the respondent seeks to sustain the order appealed from by raising points which were not presented on the motion below, nor were they raised in the notice of motion. The moving papers below gave as the sole ground for the vacatur of the attachment the alleged delay in the service of the summons, and no other ground was primarily urged.

Rule 62 of the Rules of Civil Practice provides: "When a motion is based upon a mistake, omission, defect or irregularity, the notice or order to show cause shall specify the mistake, omission, defect or irregularity claimed."

The replying affidavits for the first time raised an issue as to whether the complaint had been filed or served, and these papers, it now appears, were never served upon the plaintiff's attorneys, who, therefore, had no opportunity to controvert the statements contained therein.

The moving papers below allege that the motion is based on section 905 of the Civil Practice Act. Section 905 of the Civil Practice Act provides as follows: "If the warrant be granted before the summons is served, personal service of the summons must be made upon the defendant against whose property the warrant is granted, within thirty days after the granting thereof; or else before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the State, pursuant to an order obtained therefor, as prescribed by law; and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof."

The defendant's argument here was that since the warrant granted by the Special Term justice was dated July 7, 1923, and since service of the summons without the State was not made until August 13, 1923, therefore, more than thirty days had elapsed after the granting of the warrant without the summons having been served.

The respondent asks us, however, to sustain the order below because of appellant's alleged failure to comply with section 232 of the Civil Practice Act and rule 52 of the Rules of Civil Practice, relating to the filing and service of the complaint.

We think it would not conserve orderly procedure to allow the practice followed here to obtain. Rule 62 of the Rules of Civil Practice set forth above, therefore, should be enforced, and, if the defendant has other grounds upon which to move to vacate the attachment, it should be left to its proper motion therefor. If it were desired to raise the issue as to the filing or the service of the complaint, those matters should have been distinctly raised

in the notice of motion below, and the plaintiff then could have shown by affidavits his proof upon the issue as to whether or not the complaint was filed and served.

Upon reargument, the original order of this court should be adhered to, reversing the order below, with ten dollars costs and disbursements, and denying the motion to vacate, with ten dollars costs, and with ten dollars costs and disbursements to appellant upon reargument of this appeal.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order of this court reversing order of September 22, 1923, and denying motion to vacate order of publication and warrant of attachment, and dismissing appeal from order of September 29, 1923, adhered to, with ten dollars costs and disbursements to appellant upon reargument.