EDWIN J. HILLER, Respondent, Appellant, v. RUSSO-ASIATIC BANK, Appellant, Respondent.* — Order dated March 19, 1934, as resettled by order dated March 27, 1934, denying motion to strike from the record the appearance of attorneys purporting to represent the defendant, affirmed, with ten dollars costs and disbursements. (1) The Soviet decrees of nationalization and confiscation did not extinguish the life of the defendant. They were effective with respect to its assets only so far as they were contained in Russia. The juristic personality of the defendant continued perforce the acts of the refugee quorum of its directors and the acts of a majority of its stockholders in transferring to and setting up in Paris, France, the main or head office of the defendant corporation in its former branch office in Paris. (*James & Co. v. Rossia Insurance Co.*, 247 N. Y. 262, 270; *Petrogradsky M. K. Bank* v. *Nat. City Bank*, 253 id. 23; *Matter of People* [*Russian Reinsurance Co.*], 255 id. 415, 421; *Vladikavkazsky Ry. Co.* v. *N. Y. Trust Co.*, 263 id. 369, 370; S. C., 264 id. 595, decided April 17, 1934.) A foreign liquidator has a standing to appear and represent the defendant in this State to the same extent as would a receiver. (*Mabon* v. *Ongley Electric Co.*, 156 N. Y. 196; *Hammond* v. *National Life Association*, 31 Misc. 182; affd., 58 App. Div. 453; appeal dismissed, 168 N. Y. 262; *Matter of Waite*, 99 id. 433, 448; *Martyne* v. *American Union Fire Ins. Co.*, 216 id. 183.) The liquidators having authority to employ attorneys to act on behalf of the defendant, a sufficient factual basis exists to sustain a holding that these two groups of attorneys were in fact so employed and authorized to act as a consequence of their sworn declarations to that effect, supplemented by documents recognizing and authorizing their activities on behalf of the defendant at the request of the liquidators. (2) Order entered March 19, 1934, as resettled by order dated March 27, 1934, in so far as it denies defendant's motions to vacate the warrant of attachment and the order for service by publication, affirmed, with ten dollars costs and disbursements. The preliminary objection to considering the defendant's motion on the ground that its moving papers did not conform to rule 62 of the Rules of Civil Practice should have been sustained. (*Triangle R. S. Co., Inc.*, v. *De Forest R. T. & T. Co., Inc.*, 210 App. Div. 87.) The case of *Andrews* v. *Schofield* (27 App. Div. 90), relied on by the defendant, is obsolete by reason of the subsequent change in the language of rule 62. Apart from that, however, an adequate basis for sustaining the attachment exists in this record within *Jones* v. *Hygienic Soap Granulator Co.* (110 App. Div. 331, 334); *Rodkinson* v. *Haecker* (248 N. Y. 480); *California Packing Corp.* v. *Kelly S. & D. Co.* (228 id. 49, 53); *McMahon* v. *Roseville Trust Co.* (159 App. Div. 640), and *Gumbes* v. *Hicks* (116 id. 120). Matters set out in the briefs but not contained in the record may not be considered. (3) The motion to dismiss the appeal, renewed on the argument, is denied. The portions of the order from which the defendant appeals are independent of the provisions in the order based on what is really a separate motion, the benefits of which the defendant has accepted. It is only when provisions in an order or judgment are mutually interdependent that one may not accept the benefit thereunder and seek to review other provisions in the judgment or order. This

* Revd., 266 N. Y. ——.

appeal is within the exception to the general rule because the provisions thereof are independent of and disconnected from each other, permitting acceptance of the favorable determination on the motion and refusing to abide by the determination with respect to the other separate motion brought on as a matter of convenience at the same time and the determination respecting which is incorporated in a single order as a consequence of the alternative relief sought by these separate motions brought on at one time pursuant to sections 117 and 948 of the Civil Practice Act. (Carmody's N. Y. Practice, vol. 6, p. 74; *Goepel* v. *Kurtz Action Co.*, 216 N. Y. 343, 346; *McIntyre* v. *German Savings Bank*, 59 Hun, 536, 537; *Matter of Water Comrs. of Amsterdam*, 36 id. 534, 535.) A question, to be settled on notice unless the respective attorneys agree to its form, will be certified to the Court of Appeals with respect to the order denying plaintiff's motion to strike from the record the appearances of the attorneys. Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ., concur.