■ NANCY J. TEDESCHI, Appellant, v WAGNER COLLEGE, Respondent.—Appeal by plaintiff from a judgment of the Supreme Court, Richmond County, dated March 27, 1978, which, after a nonjury trial, is in favor of defendant. Judgment affirmed, without costs or disbursements. Plaintiff was

admitted to the defendant college in September, 1976 as a nonmatriculated part-time student taking courses in mathematics, Latin and psychology. In January, 1977 plaintiff was notified by the college of her suspension, effective for the spring semester, with leave to apply for admission for the 1977 fall semester, in which event her application would be considered on the merits. Plaintiff was advised by college officials that her temporary suspension was the result of her bad character and her disruption of the Latin class throughout the semester. The college refunded plaintiff's tuition and she instituted this action seeking a judgment for money damages and an order compelling the college to reinstate her to student status. The gravamen of plaintiff's action was based on the college's alleged failure to grant her a hearing prior to the suspension. The dissenters are of the view that defendant breached its contract with plaintiff by suspending her without following its own guidelines which provide, *inter alia:* "A student may be suspended or expelled from the College by the Dean of Students or the Dean of Academic Affairs. If he is suspended or expelled for any cause other than failure in his academic work, and has not had recourse to a hearing before an established College Court, he shall have the right to be heard by the Student-Faculty Hearing Board which shall present its findings to the President of the College for final determination." However, the proof adduced at the trial amply demonstrated that plaintiff was guilty of irrational and disruptive conduct during the 1976 fall semester at the college and that the college made several attempts to arrange a conference between plaintiff and college officials, which overtures were rebuffed by plaintiff. The complaint was therefore properly dismissed. In any event, plaintiff's cause of action for damages must fall due to her complete failure to adduce proof of any damages. Plaintiff was suspended for the spring semester only and was given the right to reapply for the 1977 fall semester. The proof further indicated that plaintiff was not rejected thereafter by any other school; nor was there a showing that she was prevented in any way from completing her education elsewhere due to the suspension by defendant. We have examined plaintiff's remaining point wherein she alleges that she was denied her right to due process. This contention is meritless since there is no indication that defendant can be considered a State institution subject to constitutional due process requirements (cf. *Goss v Lopez,* 419 US 565). Accordingly, the judgment entered in favor of defendant should be affirmed. Damiani, J. P., Suozzi and Cohalan, JJ., concur.

Shapiro, J., dissents and votes to reverse the judgment and direct defendant to reinstate plaintiff and afford her a hearing, with the following memorandum, in which Lazer, J., concurs: Whether the "proof adduced at the trial amply demonstrated that plaintiff was guilty of irrational and disruptive conduct", as the majority contends, is entirely beside the point which, stated in its simplest terms, is whether the defendant college breached its contract with the plaintiff in suspending her in the manner in which it did. The relationship between a student and a college is a contractual one *(Goldstein v New York Univ.,* 76 App Div 80; *People ex rel. Cecil v Bellevue Hosp. Med. Coll.,* 60 Hun 107, affd 128 NY 621). Accordingly, before a college may suspend a student he or she must be afforded a hearing if one is provided for in the contract. Here, since the plaintiff was not suspended for "failure in [her] academic work", and was not afforded "a hearing before an established College Court", she had the unqualified "right to be heard by the Student-Faculty Hearing Board", which in turn was required to "present its findings to the President of the College for final determination." There is no contention here that the college followed its

own rules. Thus, its suspension of the plaintiff was unwarranted as a matter of law (see *People ex rel. Goldenkoff v Albany Law School,* 198 App Div 460) since a college "is a creature of the law" and "must abide by legal procedures and respect private rights" *(Matter of Ryan v Hofstra Univ.,* 67 Misc 2d 651, 653). Defendant contends, in its brief, that "when a university", in expelling a student, "acts within its jurisdiction, not arbitrarily but in the exercise of an honest discretion based upon facts within its knowledge that justify the exercise of discretion, a court may not review the exercise of its discretion". Defendant misses the point for it could only exercise its discretion after affording the plaintiff her contractual procedural rights. Therefore, plaintiff should have been granted relief enjoining her suspension pending the hearing to which she is entitled. [93 Misc 2d 510.]