■ In the Matter of DONALD S. KRAMER, Appellant, v SHELDON H. KINNEY, Individually and as President of the State University of New York Maritime College, et al., Respondents. In the Matter of ANTHONY LOTITO, Appellant, v SHELDON H. KINNEY, Individually and as President of the State University of New York Maritime College, et al., Respondents. — In proceedings pursuant to CPLR article 78 to review a determination of the President of Maritime College of the State University of New York, which, upon finding petitioners guilty of certain misconduct, suspended petitioner Lotito until the fall 1982 semester and disenrolled petitioner Kramer, the appeals are from two judgments of the Supreme Court, Suffolk County (McInerney, J.), both dated January 6, 1982, which dismissed the petitions. Judgments affirmed, without costs or disbursements. There is substantial evidence in the record considered as a whole to support the president's determination that petitioners violated section 6.21 of the regulations for the regiment of cadets ("cruelty toward, oppression of, maltreatment of, any person subject to his orders"). As to the disciplinary measures imposed upon petitioners, we cannot conclude that such measures were " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" ' " (see *Matter of*

*Pell v Board of Educ.,* 34 NY2d 222, 233). In view of the nature of petitioners' misconduct, their prior disciplinary records and the quasi-military character of Maritime College, suspension until the fall 1982 semester of petitioner Lotito and disenrollment of petitioner Kramer did not constitute an abuse of discretion. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.