◼ In the Matter of JEFFREY GALIANI, Respondent, v HOFS-TRA UNIVERSITY et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of Hofstra University which, after the petitioner's admission to certain misconduct, imposed sanctions, the appeal is from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered November 22, 1985, which annulled Hofstra's determination and ordered the appellants to reinstate the petitioner as a fully matriculated student.

Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. No questions of fact have been raised or considered.

We disagree with Special Term's determination that the petitioner was denied his right to due process. The petitioner was accorded every right to which he was entitled in the context of a disciplinary proceeding instituted by a private university *(see, Tedeschi v Wagner Coll.,* 70 AD2d 934, 935, *revd on other grounds* 49 NY2d 652; *Ayton v Bean,* 80 AD2d 839, 840). Moreover, since the determination to suspend the petitioner was rendered in accordance with the university's published regulations *(see, Tedeschi v Wagner Coll., supra; Matter of Fain v Brooklyn Coll.,* 112 AD2d 992), and was based upon the exercise of honest discretion after a full review of the operative facts, it was neither arbitrary nor capricious so as to warrant judicial intervention *(see, Matter of Harris v Trustees of Columbia Univ.,* 62 NY2d 956, *revg* 98 AD2d 58, 67-73, for reasons stated in dissent of Kassal, J., at App Div; *Matter of Patti Ann H. v New York Med. Coll.,* 88 AD2d 296, 301, *affd* 58 NY2d 734; *Matter of Carr v St. John's Univ.,* 17 AD2d 632, 634, *affd* 12 NY2d 802). Finally, we do not consider the penalty imposed to have been " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Kramer v Kinney,* 87 AD2d 870). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.