■ LAURA STONE, an Infant, by RICHARD STONE, Her Parent and Natural Guardian, Appellant, v CORNELL UNIVERSITY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered October 11, 1985 in Tompkins County, which dismissed the complaint.

During the summer of 1985, plaintiff, a 16-year-old high school student, attended the Cornell University Summer College Program operated by defendant. Prior to completion of the program, plaintiff was questioned by the program's residential director regarding information he had received indi-

cating that drugs and alcohol were being used by students in the program. Plaintiff admitted smoking marihuana and consuming alcohol while in attendance at the program. As a result of these admissions, she was expelled from the program and informed that no appeal from this expulsion was available.

Claiming that her expulsion without an administrative hearing violated her right to due process under the Cornell Campus Code of Conduct (hereinafter Campus Code) and NY Constitution, article I, § 6, plaintiff commenced this action seeking an order directing defendant to provide her with a hearing as provided by the Campus Code and permitting her to complete her classwork. Pending the hearing and determination of this action, plaintiff was permitted to complete her courses pursuant to an order to show cause signed on August 8, 1985.

By decision dated September 26, 1985, Special Term dismissed the complaint finding no basis for plaintiff's request for an administrative review of her expulsion. On appeal, plaintiff seeks release of her transcript so that she might receive academic credit for the courses she completed in the Summer College Program.

A college or university must substantially adhere to its own rules regarding the procedures to be followed prior to expelling a student *(Matter of Harris v Trustees of Columbia Univ.,* 62 NY2d 956, *revg on dissenting opn below* 98 AD2d 58, 70; *Tedeschi v Wagner Coll.,* 49 NY2d 652, 660; *Matter of Galiani v Hofstra Univ.,* 118 AD2d 572). Defendant's Summer College Code of Conduct (hereunder Summer College Code) provided that "[c]onsumption or possessions of alcohol and other drugs is grounds for immediate dismissal". Plaintiff and her mother subscribed their signatures to a document indicating their acceptance of this and the other provisions of the Summer College Code. Since plaintiff admits that she used marihuana and consumed alcohol, we find defendant's decision to expel plaintiff entirely consistent with the rules and procedures articulated in its Summer College Code.

We find no merit in plaintiff's contention that her conduct should come under the provisions of the Campus Code* rather than the Summer College Code. The Summer College Code is designed to cover high school students in the Summer College

---

* The Campus Code provides for various procedural rights including a hearing, the right to confrontation by witnesses, the right to be represented by counsel and the right to an appeal.

Program whereas the Campus Code governs conduct of the older college students. The particular problems caused by having younger, high school students on campus requires a more stringent code which, among other things, imposes curfew requirements, restricts visits of guests in the dormitories, prohibits use of motor vehicles and requires parental authorization for overnight time away from campus. Here, it is undisputed that plaintiff was not a matriculated college student, but merely a high school student at defendant's campus solely for the Summer College Program. Accordingly, we hold that plaintiff's conduct was governed by the Summer College Code and, under the provisions of that code, expulsion was authorized upon plaintiff's admission to the use of marihuana and the consumption of alcohol.

Finally, we reject plaintiff's assertion that she was denied due process as guaranteed by NY Constitution, article I, § 6. A threshold requirement to invoking the State's constitutional due process provision is a showing that "the State has in some fashion involved itself in what, in another setting, would otherwise be deemed private activity" *(Sharrock v Dell Buick-Cadillac,* 45 NY2d 152, 157). Although defendant receives some financial assistance from the State, this alone does not constitute a sufficient degree of State involvement so as to allow an intrusion into defendant's disciplinary policies *(see, Tedeschi v Wagner Coll.,* 93 Misc 2d 510, 513, *affd* 70 AD2d 934, *revd on other grounds* 49 NY2d 652; *cf. Rendell-Baker v Kohn,* 457 US 830). We conclude that plaintiff has failed to allege sufficient State involvement to invoke the requirements of constitutional due process.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

