■ In the Matter of ORLO CLARK, JR., Petitioner, v GORDON M. AMBACH, as Commissioner of the New York State Education Department, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice medicine in New York for three years, with the last two years stayed, and placed him on probation for two years.

Petitioner, a Doctor of Osteopathy, on March 26, 1984 entered into a consent stipulation with the Department of Health whereby he agreed that he had unlawfully prescribed, dispensed, distributed, administered and possessed controlled drugs from January 1980 through September 14, 1983. As a result, petitioner agreed to delete from his Federal registration the right to order Schedule II controlled substances and to pay a $2,500 fine. The Department of Health then forwarded the matter to its Office of Professional Medical Conduct.

Petitioner was charged with professional misconduct based upon his admissions in the consent stipulation. Petitioner admitted guilt and offered evidence concerning mitigating circumstances. The Regents Review Committee unanimously found petitioner guilty as charged and recommended that petitioner's license be suspended for two years, but that such suspension be stayed for two years and petitioner placed on probation for two years. On December 19, 1986, respondent

Board of Regents unanimously accepted the findings and recommendations of the Committee but decided to suspend petitioner's license for three years, with two years stayed, and petitioner placed on probation for two years. On December 31, 1986, respondent Commissioner of Education issued an order effectuating the Board's decision. Petitioner then commenced this proceeding in this court (Education Law § 6510-a [4]) seeking to set aside the Commissioner's determination on the ground that the penalty imposed was excessive.

The issue herein is not whether the penalty recommended by the Committee was more appropriate, but whether the penalty imposed by the Board was " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364). Further, the Board was not bound by the recommendation of the Committee *(see, Matter of Meshel v Board of Regents,* 110 AD2d 976, 977, *lv denied* 65 NY2d 608), but was free to take a more serious view of the misconduct. The penalty imposed herein amounts to a one-year suspension of petitioner's license to practice medicine along with a two-year probationary term. The facts admitted to by petitioner establish a pattern of violating regulations relating to controlled drugs for a period of over three years. It cannot be said that the penalty imposed was so disproportionate to such offense as to be shocking to one's sense of fairness.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.