In the Matter of HEIDI BEILIS, Respondent, v ALBANY MEDICAL COLLEGE OF UNION UNIVERSITY et al., Appellants.

Third Department, March 10, 1988

APPEARANCES OF COUNSEL

*Bond, Schoeneck & King (David R. Sheridan* of counsel), for appellants.

*James E. Banagan* for respondent.

**OPINION OF THE COURT**

WEISS, J.

In April 1987, when petitioner was a first-year student at respondent Albany Medical College of Union University, she was found guilty of violating a student honor code after a hearing before the honor committee on charges of cheating in an examination; on May 15, 1987, respondents placed her on nonacademic probation. She did not appeal the determination or the penalty imposed. In the meantime, on May 15, 1987, petitioner is alleged to have again cheated on an examination. Following written notice naming her accusers and stating the substance of the charges, a second hearing was held. The charges were substantiated and a one-year leave of absence from school was imposed by respondents. This CPLR article 78 proceeding to annul respondents' second determination and expunge petitioner's record was commenced. A temporary restraining order was granted permitting petitioner to continue her studies in the college pending determination of this proceeding. Supreme Court, in a bench decision devoid of reasons, granted the petition and annulled respondents' determination. This appeal by respondents ensued.

■ Initially, we note that in the absence of any explanation by Supreme Court, we must presume that the petition was granted upon the grounds set forth in the moving papers *(see,* 4 NY Jur 2d, Appellate Review, § 410, at 515, citing *Triangle Radio Supply Co. v De Forest Radio Tel. & Tel. Co.,* 210 App Div 87). The petition contends that the decision was arbitrary and capricious per se and violative of the due process rights guaranteed by both the US and NY Constitutions, and that the punishment is overly severe.

It is well settled that a private educational institution is bound by its own published guidelines or rules *(Tedeschi v Wagner Coll.,* 49 NY2d 652, 655). In *Stone v Cornell Univ.* (126 AD2d 816), this court held that "[a] college or university must

substantially adhere to its own rules regarding * * * procedures" *(supra,* at 817; *see, Matter of Harris v Trustees of Columbia Univ.,* 62 NY2d 956, *revg on dissenting opn below* 98 AD2d 58, 70; *Tedeschi v Wagner Coll., supra,* at 660; *Matter of Galiani v Hofstra Univ.,* 118 AD2d 572). While courts are reluctant to intervene in determinations based upon academic qualifications *(Matter of Harris v Trustees of Columbia Univ., supra),* actions suspending or expelling students for nonacademic reasons are reviewed more closely *(Tedeschi v Wagner Coll., supra,* at 658).

■ We have examined petitioner's allegations and find them unpersuasive. There was compliance with the student honor code. Any claims concerning the April 22, 1987 hearing on prior charges are not properly before us since no appeal was taken from that determination. The delivery of the honor committee report on May 27, 1987 instead of May 22, 1987 was inconsequential *(see, Matter of Mary M. v Clark,* 100 AD2d 41). In all other respects, there was substantial compliance with the student honor code as to content of notice, presentation of evidence, opportunity for confrontation and cross-examination of witnesses, and sufficiency of evidence. The testimony of two eyewitnesses describing petitioner's conduct during the examination was sufficient to support the inference that she had cheated *(cf., Matter of Fain v Brooklyn Coll. of City Univ.,* 112 AD2d 992). The report submitted was fair, complete and in compliance with the student honor code.

Nor do we find merit in the contention that petitioner was denied her constitutional due process rights. Section III (E) of the student honor code bylaws specifically provides that "[n]either counsel for the accused nor counsel for the Honor Committee shall be permitted to be present at an inquiry proceeding of the Honor Committee". Petitioner vigorously and effectively challenged her accusers and presented arguments on her behalf. While students at public universities are entitled to due process *(Matter of Sofair v State Univ.,* 44 NY2d 475, 478), students at private universities cannot invoke such rights unless they meet the threshold requirement of showing that the State somehow involved itself in what would otherwise be deemed private activity *(Stone v Cornell Univ.,* 126 AD2d 816, 818). There has been no demonstration of State involvement sufficient to invoke State constitutional due process rights. State financial assistance alone is insufficient to permit court involvement in a school's disciplinary proceedings *(supra,* at 818; *see also, Powe v Miles,* 407 F2d 73).

Finally, we find the penalty of a one-year forced leave of absence neither disproportionate to the offense of cheating nor shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 223; *Matter of Clark v Ambach,* 133 AD2d 914). This incident was petitioner's second involvement with cheating in two months. Situations involving nonacademic discipline, while susceptible to judicial scrutiny, are subject to the guiding principle that " '[w]hen a university, in expelling a student, acts within its jurisdiction, not arbitrarily but in the exercise of an honest discretion based on facts within its knowledge that justify the exercise of discretion, a court may not review the exercise of its discretion' " *(Matter of Harris v Trustees of Columbia Univ.,* 98 AD2d 58, 70 [Kassal, J., dissenting], *revd on dissenting opn below* 62 NY2d 956, quoting *Matter of Carr v St. John's Univ.,* 17 AD2d 632, 634, *affd* 12 NY2d 802).

In sum, we find Supreme Court's decision to annul the determination erroneous and, accordingly, we reverse. However, in view of the fact that petitioner has been permitted to continue as a student during the current school year under a temporary restraining order, it is possible that respondents may reconsider and/or modify the sanction imposed.

KANE, J. P., YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, and matter remitted to respondents for further proceedings not inconsistent with this court's decision.