■ In the Matter of ERIC B. WEIDEMANN, Petitioner, v STATE UNIVERSITY OF NEW YORK COLLEGE AT CORTLAND et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Madison County) to review a determination of respondents which, inter alia, dismissed petitioner from the graduate program at respondent State University of New York College at Cortland.

Petitioner, a graduate student at respondent State University of New York College at Cortland (hereinafter respondent), was charged with academic dishonesty after allegedly cheating on a final examination in July 1991. The initial charge was based on allegations by a classmate, Elizabeth Bolton, who stated that she saw petitioner viewing unauthorized notes during the examination. She also stated that during a break she asked another student, Donald Root, if he noticed petitioner using these notes and he responded that he did. Petitioner received a copy of the charge in advance of the hearing. Immediately prior to the hearing, respondent's Academic Grievance Tribunal solicited a telefax letter from Root regarding the charges. In his first letter, Root confirmed that petitioner had papers on his desk that were not exam papers but could not confirm what was on those papers or if petitioner used those papers. Petitioner was not aware of this letter until the hearing was in progress. Eight days after the hearing, a Tribunal member spoke with Root via telephone and solicited a second telefax letter from Root—which petitioner was not made aware of until after the Tribunal made its decision—stating that the unauthorized papers consisted of ripped out notebook paper, that he could not state that petitioner used them dishonestly on the test "but that was [his] impression". Bolton testified at the hearing; Root did not testify.

Following the hearing, the Tribunal found petitioner guilty and recommended that he be dismissed, and respondent Provost of the College dismissed petitioner. On petitioner's admin-

---

istrative appeal, the Board of Appeals recommended upholding the determination, and respondent President of the College approved the recommendation. Petitioner commenced this CPLR article 78 proceeding to annul the determination, attacking the hearing procedures and findings, and contending that the penalty of expulsion was an abuse of discretion. Supreme Court transferred the proceeding to this Court.

Addressing the merits, we conclude that annulment is required. It is well established that once having adopted rules or guidelines establishing the procedures to be followed in relation to suspension or expulsion of a student, colleges or universities—both public and private—must substantially comply with those rules and guidelines *(see, Tedeschi v Wagner Coll.,* 49 NY2d 652, 660; *see also, Matter of Harris v Trustees of Columbia Univ.,* 62 NY2d 956, *revg on dissenting mem below* 98 AD2d 58, 70; *Stone v Cornell Univ.,* 126 AD2d 816, 817; *Matter of Galiani v Hofstra Univ.,* 118 AD2d 572). In the instant case, respondent has established clear rules to be followed in cases concerning alleged academic dishonesty, which it published in its 1988-1990 Cortland College Handbook supplied to petitioner along with the notice of charges against him. We conclude that, in several respects, respondent failed to substantially comply with its own procedures, prejudicing petitioner.

As an initial and most prejudicial matter, petitioner did not receive the required five-day advance written notice of the supporting evidence, in violation of Handbook §§ 340.03 and 340.05. Indeed, petitioner was not even aware until the hearing was in progress of the existence of the first letter from Root concerning his observations of the charged conduct, which was used as evidence against petitioner. He had no meaningful opportunity to prepare to defend against that evidence. Further, the Tribunal contacted Root days after the hearing, posing additional questions regarding the allegations, and accepted a second letter from Root in response. Petitioner first learned of that phone call and letter when he received the Tribunal's report to the Provost recommending expulsion. Petitioner thus not only did not receive a copy of the supporting evidence five days in advance of the hearing, he had absolutely no opportunity to rebut or explain this evidence, as was his right under Handbook § 340.05 (7).

Moreover, respondent admits petitioner was not provided five days' prior written notice of the hearing date or appeal process as required by Handbook § 340.3 (2) and § 340.05 (2). While petitioner received notice of the charges six weeks prior

to the hearing, respondent failed to comply with its notice requirement which, particularly with regard to the appeal, affected petitioner's ability to have counsel participate in the process and to present additional evidence. Petitioner only received three days' oral notice of the hearing date.

As to the required notice of his appeal rights, petitioner received notice of the expulsion determination on October 7, 1991; when petitioner's father was finally able to speak with the President's Executive Assistant on October 8, 1991, he was erroneously told that petitioner only had until the next day to submit an appeal. Petitioner was thus forced to hastily prepare an appeal in which he only raised lack of evidence and two procedural points. These were the only points addressed by the Board of Appeals in its decision. Further, the Board failed to consider the extensive letter of appeal sent by petitioner's counsel, despite assurances that it would be considered. Counsel's letter clearly put respondent on notice of the many violations of its own rules and of petitioner's rights. Despite this notice, the violations were neither addressed nor corrected, and indeed the President approved the Board of Appeals' decision upholding the Tribunal's expulsion of petitioner notwithstanding the violations of respondent's own rules.

We conclude that the appropriate remedy is remittal for a new hearing. We have reviewed petitioner's remaining contentions and conclude that they need not be addressed in view of our determination to remit for a new hearing.

Yesawich Jr., J. P., Crew III, Casey and Harvey, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.