■ In the Matter of BORIS A. SIMKOVICH, Appellant, v VASSAR COLLEGE et al., Respondents. [671 NYS2d 352] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Vassar College, which, after a hearing, placed the petitioner on an involuntary leave of absence from his position as an Assistant Professor, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated April 8, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We reject the petitioner's contention that Vassar College (hereinafter Vassar) failed to substantially observe its own procedures for disciplining faculty (*see, Tedeschi v Wagner Coll.,* 49 NY2d 652, 660). Further, the determination that the petitioner violated Vassar's policy prohibiting harassment "was based upon the exercise of honest discretion after a full review of the operative facts" (*Matter of Galiani v Hofstra Univ.,* 118 AD2d 572, citing *Matter of Harris v Trustees of Columbia Univ.,* 62 NY2d 956, *revg* 98 AD2d 58, 67-73, *for reasons stated in dissent of Kassal, J., at App Div*) and was therefore neither arbitrary nor capricious (*see, Matter of Patti Ann H. v New York Med. Coll.,* 88 AD2d 296, 301, *affd* 58 NY2d 734; *Matter of Carr v St. John's Univ.,* 17 AD2d 632, *affd* 12 NY2d 802). Finally, we find that the punishment imposed was not excessive under the circumstances (*see, Matter of Pell v Board of Educ.,* 34 NY2d 802).

In light of this determination, we decline to reach the parties' remaining contentions. Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.