■ In the Matter of TREVOR FERNANDEZ, Appellant, v COLUMBIA UNIVERSITY, Respondent. [790 NYS2d 603]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered January 26, 2004, which dismissed the peti-

tion brought pursuant to CPLR article 78 to annul respondent's determination suspending petitioner from Columbia Business School for one year and banning him for life from access to Career Services and Alumni Affairs and from certain recruiting-related student activities, unanimously affirmed, without costs.

Petitioner was found to have sent harassing communications to and about several fellow students at respondent's business school. The record confirms that prior to making its findings against petitioner and imposing disciplinary sanctions, respondent afforded petitioner notice of the charges against him and an opportunity to be heard; that petitioner was thereafter provided an opportunity to take an internal appeal; and that in proceeding against petitioner respondent substantially abided by its own governing rules and regulations. In the context of disciplinary proceedings respecting nonacademic matters instituted by a private educational institution, petitioner was not entitled to more in the way of process (*see Matter of Harris v Trustees of Columbia Univ. in City of N.Y.*, 62 NY2d 956 [1984], *revg on dissenting op* 98 AD2d 58, 67-73 [1983]; *Matter of Trahms v Trustees of Columbia Univ.*, 245 AD2d 124 [1997]; *and see Tedeschi v Wagner Coll.*, 49 NY2d 652, 660 [1980]; *Melvin v Union Coll.*, 195 AD2d 447 [1993]).

The sanction imposed by respondent is not disproportionate to the offense, much less so disproportionate as to shock our sense of fairness (*see Matter of Galiani v Hofstra Univ.*, 118 AD2d 572 [1986]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Sullivan, Ellerin and Nardelli, JJ.