■ In the Matter of YISROEL EBERT, Appellant, v YESHIVA UNIVERSITY, Respondent. [813 NYS2d 408]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered June 28, 2005, which dismissed this CPLR article 78 proceeding seeking to annul petitioner's disciplinary expulsion from respondent, unanimously affirmed, without costs.

The "fundamental fairness" promised by this private university's disciplinary rules is circumscribed by the informal processes and limitations described therein, and was not intended to afford petitioner the full panoply of due process rights. Respondent proceeded in accordance with those rules, which it "substantially observed" (*see Matter of Fernandez v Columbia Univ.*, 16 AD3d 227 [2005]; *Matter of Al-Khadra v Syracuse Univ.*, 291 AD2d 865 [2002], *lv denied* 98 NY2d 603 [2002]; *Matter of Beilis v Albany Med. Coll. of Union Univ.*, 136 AD2d 42, 44 [1988]), and petitioner has no claim for denial of due process (*Moghimzadeh v College of St. Rose*, 236 AD2d 681 [1997], *appeal dismissed* 90 NY2d 844 [1997]).

There is no per se rule that a different hearing officer must preside on remand (*see Liteky v United States*, 510 US 540, 551 [1994]). The university is, for the most part, better suited to make decisions regarding its own internal affairs (*see Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]). There was no showing that the hearing officer failed to consider the entire record before him, exhibited bias or animosity toward petitioner, or mischaracterized or misunderstood evidence. While the hearing officer adhered to his initial determination at the second hearing, he explained that petitioner had endeavored to retreat from his earlier admission that he had punched a student and added new allegations against the others involved in the incident, which lessened his credibility.

Under respondent's rules, petitioner was not entitled to an attorney at the hearing. Petitioner did retain counsel who assisted him prehearing, thus safeguarding the essential fairness to which he was entitled. Petitioner was equally aware of Justice

Cahn's decision in the first article 78 proceeding (4 Misc 3d 699 [2004]), but never asked to bring an advocate, other than his attorney, to the hearing. The lack of confrontation did not violate the disciplinary rules, which provide for a nonadversarial fact-finding hearing "without being unnecessarily formal or legalistic."

There is no basis for disturbing the hearing officer's credibility determination (*see Matter of Pelayo v Safir*, 288 AD2d 133 [2001]). In a school disciplinary proceeding, evidence may consist of hearsay, and reasonable inferences drawn will be sustained if the record supports the inference, which it does here (*see Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ.*, 91 NY2d 133 [1997]). The argument as to burden of proof is speculative.

Given petitioner's disciplinary history, including that he was on probation at the time of the offense, the penalty imposed is not shocking to our sense of fairness (*Matter of Kramer v Kinney*, 87 AD2d 870 [1982]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Nardelli, Catterson and Malone, JJ.