■ In the Matter of MICHAEL QUERCIA, Respondent, v NEW YORK UNIVERSITY, Appellant. [838 NYS2d 538]—

Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered August 28, 2006, which granted the petition to the extent of modifying the disciplinary sanction imposed against petitioner by respondent University by directing that he be reinstated as a student upon his completion of 100 hours of community service, and permitting him to complete the unfinished course work that was interrupted by his suspension in 2005, and denied the University's cross motion to dismiss the petition, unanimously reversed, on the law, without costs, the cross motion to dismiss granted and the petition dismissed.

In May 2005, petitioner was immediately suspended from respondent University after a search of his dormitory room uncovered a locked bin containing 10 ounces of marijuana and $1,740 in United States currency, as well as several items of alleged drug paraphernalia, including a digital scale, two boxes of Ziploc bags, a sifter and grinder, and a red cup with leafy residue. Petitioner was instructed to contact a University official to commence the disciplinary process, but he failed to do so for 10 months. In July 2005, petitioner was criminally charged with one count of criminal possession of marijuana in the third degree. Six months later, in January 2006, petitioner pleaded guilty to one count of disorderly conduct in exchange for a sentence of a conditional discharge of one year and 10 days of community service.

In March 2006, petitioner finally contacted the University, requesting that its Judicial Board conduct a hearing in connection with his case. At the hearing, petitioner denied selling or distributing drugs, and further denied knowledge of the contents of the bin found in his room, speculating that it may have belonged to one of his roommates or a prior occupant of the

dorm suite. In addition, petitioner testified that some of the alleged drug paraphernalia found on his desk was actually used for collecting pollen and grinding flowers.

Noting petitioner's extensive delay in asserting his innocence, the Board found petitioners' denials and explanations not credible, and suspended him from the University until the fall 2007 semester, when he could apply for reinstatement upon completion of 500 hours of community service. The Board further indicated its desire that any reinstatement request be "viewed favorably, provided that he has met the terms set forth." Petitioner's appeal to the dean was denied.

On June 12, 2006, petitioner commenced the instant CPLR article 78 proceeding, seeking an order enjoining the enforcement of the Board's decision, reinstating him to the University, expunging all records relating to the disciplinary proceeding, and other ancillary relief. Petitioner argued that the evidence at the hearing did not support the Board's conclusions, and further, that the sanction was disproportionate to the offense, especially considering he had, in effect, already been suspended for a full year. Respondent University cross-moved to dismiss the petition.

Supreme Court upheld the Board's liability finding regarding petitioner's violations of University rules, but granted the petition to the extent of modifying the sanction by directing that petitioner be reinstated as a student upon completion of 100 hours of community service, and permitting him to complete the necessary course work for any incomplete grades received in 2005. Noting that petitioner had already been criminally punished and missed a full academic year of school, the court held that the University's determination "to suspend petitioner for a second academic year with only the possibility of reinstatement after the completion of 500 hours of community service is found to be a draconian measure that is disproportionate to the offense committed." We reverse.

It is well established that judicial review of an educational institution's disciplinary determination involving nonacademic matters is limited to whether the institution substantially adhered to its own published rules and guidelines and was not arbitrary and capricious (*Matter of Harris v Trustees of Columbia Univ.*, 98 AD2d 58, 70 [1983, Kassal, J., dissenting], *revd on dissenting op* 62 NY2d 956 [1984]; *see also Tedeschi v Wagner Coll.*, 49 NY2d 652, 660 [1980]; *Matter of Ebert v Yeshiva Univ.*, 28 AD3d 315 [2006]; *Matter of Fernandez v Columbia Univ.*, 16 AD3d 227 [2005]; *Matter of Galiani v Hofstra Univ.*, 118 AD2d 572 [1986]).

In the present case, this standard was clearly met. Respondent's published policy states that "[t]he unlawful possession, use or distribution of drugs . . . by a student will not be tolerated on University premises," and will subject any violator to "appropriate disciplinary action, including, but not limited to, probation, suspension or expulsion." Moreover, petitioner received notice of the charges, a hearing before a Judicial Board and an appeal to a University Dean. Further, as found by the article 78 court, the Board's credibility findings are supported by the record.

Petitioner's primary challenge before the motion court was the appropriateness of the sanction.* In making such determination, a court must look to whether the punishment imposed is so disproportionate as to shock one's sense of fairness (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233-234 [1974]; *Ebert*, 28 AD3d at 316; *Fernandez*, 16 AD3d at 228; *Galiani*, 118 AD2d at 572). In our view, there is nothing shocking or even disproportionate about the suspension imposed in this case. Possession or distribution of drugs on a college campus is a serious offense that poses a substantial risk to the health and safety of students. We reject the article 78 court's suggestion that the criminal penalties imposed on petitioner and the year he had already missed from school weigh in favor of reducing the sanction. Petitioner's criminal penalties were quite lenient considering the nature of his conduct, and it was his own dilatory conduct in seeking a disciplinary hearing that was the sole cause of the delay. Concur—Gonzalez, J.P., Sweeny, McGuire, Malone and Kavanagh, JJ.

---

* Petitioner's counsel has informed this Court that respondent will not file a brief on this appeal.