*28 OPINION OF THE COURT
Per Curiam.
Judgment entered on or about May 10, 2007 affirmed, without costs.
The record establishes that the trial court applied the appropriate rules and principles of substantive law and accomplished “substantial justice” (CCA 1804, 1807) in awarding judgment to plaintiff in this small claims action. In concluding that defendant improperly expelled plaintiffs daughter from its private school, the court appropriately gave effect to the “Rules and Regulations” made part of the governing enrollment agreement, whose provisions, reasonably interpreted, authorized a student’s expulsion only in situations involving a student’s use of illegal drugs (para 3) or resort to “violent behavior” (para 4 [d]). We reject, as did Civil Court, defendant’s strained argument that the daughter’s utterance of the words “[sjhut up” on school premises and her “obstinacy” in repeating the statement somehow qualified as “violent behavior” within the meaning of paragraph 4 (d). While the dissent points to the seemingly “acrimonious relationship” between plaintiff and the school’s principal (Simpson) as justification for the daughter’s expulsion, it bears emphasis that Simpson, defendant’s lone witness, made no such assertion at trial, instead relying exclusively on what she described, albeit without substantiation, as the daughter’s rude and contentious behavior as the sole basis for her decision to summarily expel the daughter from school. On this record, the trial court could reasonably find that the principal’s decision was not in compliance with the school’s own rules and regulations (cf. Stone v Cornell Univ., 126 AD2d 816 [1987]), the binding effect of which defendant does not dispute.
Also without merit is defendant’s contention that a tuition refund was precluded by language found in its registration form advising parents that “ten percent of the tuition will be refunded if I withdraw my child . . . from [school] three weeks before the school session begins in September . . . [and] that no other refunds will be made.” The quoted provision was plainly intended to cover the situation, not here present, where a student voluntarily leaves or “withdraw[s]” from the school, and cannot be read to insulate defendant from liability for its own demonstrated breach of the enrollment agreement through the unauthorized expulsion of a student.
Since the terms of defendant’s enrollment agreement do not expressly or with certainty authorize the draconian punishment *29 given to plaintiffs daughter or restrict plaintiffs recovery of a tuition refund, “it cannot be said that a determination adverse to [defendant-jappellant is so shocking as to not be substantial justice” (Blair v Five Points Shopping Plaza, 51 AD2d 167, 169 [1976]; see Williams v Roper, 269 AD2d 125 [2000], lv dismissed 95 NY2d 898 [2000]). We note that defendant does not challenge the amount of the damage award on appeal and that the award, in any event, is supported by the record.