■ In the Matter of Afshin Zartoshti, Appellant, v Columbia University, Respondent. [911 NYS2d 623]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered August 18, 2009, denying the petition to annul

respondent's determination, dated January 13, 2009, which directed that petitioner receive an "F" grade in two courses and that he be suspended from the Institute of Human Nutrition for two years, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner contends that respondent failed to comply with its own procedural rules as set forth in the Student Handbook. However, petitioner received sufficient notice of the charges, evidence and proceedings against him. The record shows that petitioner was informed at the first hearing of the material allegations and evidence leading to the charges and was thereafter afforded a second hearing to answer the charges. While the initiation of the proceedings and the makeup of the committee were not in literal compliance with the Student Handbook, the record supports the finding that the Office of the Dean of Students was involved in the procedure and that one of the committee members, Dr. Lewis, had served as Associate Dean of Students for many years. Petitioner demonstrated no prejudice resulting from the deviation from literal compliance with the Student Handbook procedures. The record thus supports the court's conclusion that respondent substantially complied with its own guidelines (*see Tedeschi v Wagner Coll.*, 49 NY2d 652, 660 [1980]; *Matter of Fernandez v Columbia Univ.*, 16 AD3d 227 [2005]; *Matter of Trahms v Trustees of Columbia Univ. in City of N.Y.*, 245 AD2d 124 [1997]).

We have considered petitioner's remaining contention and find it unavailing. Concur—Tom, J.P., Andrias, Sweeny, DeGrasse and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31830(U).]**