Matter of Kamila v Cornell Univ. (2020 NY Slip Op 02150)





Matter of Kamila v Cornell Univ.


2020 NY Slip Op 02150


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

529453

[*1]In the Matter of Ray Kamila, Respondent,
v
Cornell University, Appellant.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ.


Cornell University, Ithaca (Conrad R. Wolan of counsel), for appellant.
Stephen N. Preziosi, PC, New York City (Stephen N. Preziosi of counsel), for respondent.



Devine, J.
Appeal from a judgment of the Supreme Court (McBride, J.), entered June 10, 2019 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent rescinding petitioner's admission.
Petitioner was a student at Kansas State University and, in 2012, was expelled from that institution for violations of its code of conduct. He continued his academic career at another institution, then applied for transfer to respondent's College of Engineering in 2017. Notwithstanding his attestation that the information on the application form was true, he did not list Kansas State as one of the "high schools and colleges/ universities" he had attended and misrepresented that he had never "been placed on probation, suspended, removed, dismissed or expelled from any school or academic program since 9th grade." Documents annexed to the application indicated that he had attended Kansas State, but failed to mention that his time there ended in expulsion. He was accepted to respondent's College of Engineering. After the misrepresentations on the application form came to light in 2018, Lance Collins, the Dean of Admissions at respondent's College of Engineering, advised petitioner that his admission would be rescinded unless he could show that the information regarding his attendance and departure from Kansas State was erroneous. Petitioner indicated that he had "bona fide" reasons for his deceit but did not deny that it had occurred, prompting Collins to reject his request for more time to respond and cancel his admission. Following the rejection of his request for reconsideration, petitioner commenced this CPLR article 78 proceeding. Supreme Court did not take issue with the finding that petitioner had engaged in misconduct, but granted the petition upon the ground that respondent failed to conform to the disciplinary procedures of its Campus Code of Conduct (hereinafter Code) before rescinding petitioner's admission. Respondent appeals, and we reverse.[FN1]
In reviewing a determination rendered by a private educational institution where no hearing is required, a court will not disturb it "unless a school acts arbitrarily and not in the exercise of its honest discretion, it fails to abide by its own rules or imposes a penalty so excessive that it shocks one's sense of fairness" (Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d 210, 216 [2015] [internal citations omitted]; see Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs., 175 AD3d 1653, 1656 [2019]; Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst., 260 AD2d 992, 993-994 [1999]). Petitioner argues that respondent was obliged to follow the provisions of the Code, which establishes standards of conduct for, as is relevant here, its students. A student is defined under the Code as a person "currently registered" with respondent in one of its divisions or as a special student, "currently enrolled in or taking classes" with respondent, "currently using" respondent's facilities or property for academic purposes or "currently on leave of absence or under suspension from being a student." Inasmuch as petitioner was none of those things when he misrepresented his academic background on an application for admission to respondent, neither the Code nor the procedures created by it were applicable to his misconduct, and Supreme Court erred in concluding that they were (see Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d at 217-218; Matter of Mitchell v New York Med. Coll., 208 AD2d 929, 930 [1994], appeal dismissed 85 NY2d 856 [1995]; see also Stone v Cornell Univ., 126 AD2d 816, 817-818 [1987]).
In contrast to the detailed guidelines provided by the Code, Collins averred that there were no written policies governing the post-admission review of a prospective student's application. Collins realized that petitioner had omitted essential facts from his application form after reviewing his transcript from Kansas State and stated that, had petitioner been forthcoming, it was "almost certain[]" that he would not have been admitted. In view of those facts, Collins acted in good faith by placing petitioner on notice of those developments and affording him the opportunity to explain how the information about his time at Kansas State was inaccurate. Petitioner did not deny, either in his initial response to Collins or in his later request for reconsideration, that he had attended and was eventually expelled from Kansas State. Collins accordingly rescinded petitioner's admission, stating that there were no legitimate reasons for the omissions on the application form and finding incredible petitioner's attempts to shift the blame for his deceit to respondent's admissions officials. We perceive nothing arbitrary or capricious in that eminently rational determination (see Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d at 217; Matter of Shah v Union Coll., 97 AD3d 949, 951 [2012]).
To the extent they are not addressed above, petitioner's arguments — raised as alternative grounds for affirmance — have been examined and are meritless.
Egan Jr., J.P., Lynch, Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and petition dismissed.



Footnotes

Footnote 1: This Court granted respondent's motion for a stay pending appeal (2019 NY Slip Op 77059[U]).