Matter of Klockowski v State Univ. of New York Coll. at Plattsburgh (2020 NY Slip Op 02215)





Matter of Klockowski v State Univ. of New York Coll. at Plattsburgh


2020 NY Slip Op 02215


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

527602

[*1]In the Matter of Andrew Klockowski, as Treasurer of Pi Alpha Nu Fraternity, Petitioner,
v
State University of New York College at Plattsburgh et al., Respondents.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Ricciani & Jose, LLP, Monticello (E. Danielle Jose-Decker of counsel), for petitioner.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondents.



Lynch, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Vice President of Student Affairs at respondent State University of New York College at Plattsburgh withdrawing recognition of the Pi Alpha Nu Fraternity.
Petitioner is a student at respondent State University of New York College at Plattsburgh (hereinafter SUNY) and served as a treasurer of Pi Alpha Nu Fraternity on campus. In January 2018, respondent Larry Allen, the Director of Student Conduct and Chair of the College Committee for Group Review, notified petitioner that a statement of charges, containing 15 charges, was filed against the fraternity. The statement of charges alleged that the fraternity violated numerous SUNY regulations as well as the Penal Law by, among other things, providing alcohol to underage students, engaging students in prohibited drinking activities, engaging in physically and mentally abusive forms of hazing, "paddl[ing]" its members as a form of discipline, permitting ineligible members to join the fraternity and falsifying documents related to membership and reporting. At the preliminary discussion of this matter, petitioner offered a plea of "Not Responsible" and elected to have a hearing before the College Committee for Group Review. Following the hearing, the committee found the fraternity responsible for violating 14 of the 15 charges. As a result, Allen made a determination to withdraw the fraternity's recognition by SUNY, and it was required to cease all operations.
Thereafter, petitioner sought Judicial Outcome Review of the determination, as outlined in SUNY's Group Conduct Manual, alleging that the sanction was too severe. Following the review, respondent Bryan Hartman, the Vice President for Student Affairs, upheld the sanction of withdrawal of recognition against the fraternity. Petitioner then commenced this CPLR article 78 proceeding, which was transferred to this Court, seeking to vacate the sanction of withdrawal of recognition.[FN1]
Initially, petitioner contends that he was denied due process in the review process because he was excluded from the review and Hartman did not follow SUNY's rules and guidelines by arbitrarily convening the panel to conduct the review and by not outlining the reasons for his determination. "'It is well established that once having adopted rules or guidelines establishing the procedures to be followed in relation to [discipline] of a student [or a student group], colleges or universities — both public and private — must substantially comply with those rules and guidelines'" (Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d 1117, 1118 [2013], quoting Matter of Weidemann v State Univ. of N.Y. Coll. at Cortland, 188 AD2d 974, 975 [1992]). SUNY's Group Conduct Manual allows for "[a] group found [r]esponsible of a violation [to] request a [r]eview for a sanction considered too severe for the violation." The manual specifies that the reviews "are dealt with directly by the Vice President for Student Affairs (designee)" and that the Vice President has the responsibility to "schedule and hear" the reviews and "make the final decision."
In March 2018, petitioner sent an email from his school email address advising that the fraternity would be seeking review of Allen's determination, which was followed by a formal request for review. On March 13, 2018, Hartman's office sent an email to petitioner's same school email address notifying him that the review had been scheduled for March 19, 2018 and directing petitioner to "email to confirm receipt of this email." For the review, Hartman had "asked a group of trained conduct board members to meet" to consider the sanction. Petitioner neither confirmed receipt of the email nor appeared at the review. However, petitioner was able to meet with Hartman and members of the review board on March 25, 2018 "to share [his] thoughts and answer questions of the review board members." After reviewing the hearing before the College Committee for Group Review, the statements and evidence collected by the SUNY police and the letters submitted by the alumni, as well as petitioner's own comments during the March 25, 2018 meeting, Hartman upheld the fraternity's sanction of withdrawal of recognition. In light of the foregoing, we are satisfied that petitioner was provided an opportunity — and was able — to participate in the review process. Additionally, the record establishes that Hartman properly scheduled and heard the review and made a final determination outlining the reasons for upholding the sanction. Contrary to petitioner's contention, nothing in SUNY's Group Conduct Manual prohibited Hartman from convening board members to assist in the review process.[FN2] Therefore, we find that the review process substantially complied with SUNY's rules and guidelines (see Matter of Lambraia v State Univ. of N.Y. at Binghamton, 135 AD3d 1144, 1147 [2016]; Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d at 1119; Matter of Krysty v State Univ. of N.Y. at Buffalo, 39 AD3d 1220, 1220 [2007], lv denied 9 NY3d 805 [2007]).
Next, petitioner contends that respondents abused their discretion by imposing the sanction of withdrawal of recognition. An administrative penalty will be upheld so long as it is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Jacobson v Blaise, 175 AD3d 1629, 1633 [2019], lv denied ___ NY3d ___ [Mar. 31, 2020]; see Matter of Lampert v State Univ. of N.Y. at Albany, 116 AD3d 1292, 1294 [2014], lv denied 23 NY3d 908 [2014]). Here, the record contains multiple sworn statements of students who attested to being hazed by the fraternity, which included consuming items to induce vomiting, being vomited on by other members, consuming alcohol and marihuana while underage and being inappropriately "paddled" by other members. The record also shows that the fraternity continued to recruit ineligible members, falsified records submitted to SUNY so as to not reflect membership of ineligible members and failed to report incidents of hazing as required by SUNY regulations. An investigator with SUNY found that what had occurred "[wa]s not isolated" and, in his opinion, these issues were "systemic." When the College Committee for Group Review inquired as to how the fraternity could avoid similar events in the future, petitioner only stated that "new member education should be more important." In light of the foregoing, and considering the extensive nature of the violations and the risk posed to the health and safety of students by the fraternity's conduct, we find that the penalty is not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of J.B. v State Univ. of N.Y., 175 AD3d 493, 495 [2019]; Matter of Haug v State Univ. of N.Y. at Potsdam, 166 AD3d 1404, 1405 [2018]).
Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Contrary to respondents' contention that Supreme Court erred in transferring this proceeding, we note that the court properly transferred the proceeding — notably, following respondents' request for transfer, which petitioner joined — as petitioner raised a "substantial evidence question" in his petition (see CPLR 7803 [4]; 7804 [g]; see e.g. Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan, 173 AD3d 1545, 1546 [2019]) — a contention that petitioner no longer advances on appeal before this Court. 

Footnote 2: To the extent that petitioner contends that the board members were selected arbitrarily, this contention was not preserved for our review as petitioner did not object to the composition of the board members (see Matter of Agudio v State Univ. of N.Y., 164 AD3d 986, 991 [2018]). In any event, the record does not contain any support for petitioner's contention.