■ In the Matter of JEFFREY GIRSKY, Respondent, v TOURO COLLEGE, JACOB D. FUCHSBERG LAW CENTER, Appellant. [621 NYS2d 85] —In a proceeding pursuant to CPLR article 78 to review a determination of Touro College, Jacob D. Fuchsberg Law Center, dated July 14, 1993, which dismissed the petitioner for academic deficiency, the appeal is from so much of an interlocutory judgment of the Supreme Court, Suffolk County (Siedell, J.); entered May 17, 1994, as is in favor of the petitioner, remitting the matter to Touro College, Jacob D. Fuchsberg Law Center, for the purpose of conducting a further hearing on the petitioner's application to be placed on probation.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, with costs, the determination is confirmed, and the proceeding is dismissed.

The petitioner enrolled at the Touro College, Jacob D. Fuchsberg Law Center (hereinafter the Law Center) in the fall of 1991. In June 1993, he was dismissed from the Law Center for academic deficiency because his cumulative grade point average fell below 2.000 after completion of four semesters of full time study. Thereafter, he requested to be placed on probation. After a hearing before the Academic Policy Committee (hereinafter the Committee) the request was denied. The petitioner then commenced this proceeding, seeking to annul the Law Center's determination dismissing him from the school. The petitioner contended, *inter alia,* that the denial of his request for probationary status by the Law

Center was arbitrary, capricious, and in violation of the standards promulgated in the Law Center's own rules. The Supreme Court, concluding that it could not engage in any meaningful review of this claim since no record was made at the hearing, directed the Law Center to conduct a further hearing on the petitioner's request to be placed on probationary status. We agree with the Law Center that this was error.

It is well established that judicial review of the determinations of educational institutions as to the academic performance of their students is limited to the question whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, unconstitutional, or contrary to statute *(see, Matter of Susan M. v New York Law School,* 76 NY2d 241, 247; *see also, Tedeschi v Wagner Coll.,* 49 NY2d 652; *James v Board of Educ.,* 42 NY2d 357).

Here, the record reveals that the petitioner failed to demonstrate that the challenged determination was arbitrary or capricious or in disregard of the Law Center's own rules and regulations. The petitioner failed Civil Procedure I in his first semester, causing the school to inform him of its dissatisfaction with his progress. In the succeeding semesters the petitioner also failed Constitutional Law II, performed lower than average in other courses, and did not complete other courses. Under these circumstances, "the differences between the parties did not present factual issues to be resolved by evidentiary proof. The dismissal was predicated on an academic evaluation, bearing 'little resemblance to the judicial and administrative fact-finding proceedings to which [courts] have traditionally attached a full hearing requirement. * * * [T]he determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decision making' " *(Matter of Sofair v State Univ.,* 44 NY2d 475, 480, quoting *Board of Curators v Horowitz,* 435 US 78, 89-90; *see also, Matter of Chusid v Albany Med. Coll.,* 157 AD2d 1019). The Committee, as an expert evaluator of the cumulative information relating to the petitioner's performance, is in a better position to determine whether or not the petitioner demonstrated a strong probability of future compliance with the Law Center's requirement that he maintain a 2.000 cumulative grade point average. Mangano, P. J., Thompson, Sullivan and Altman, JJ., concur.