■ In the Matter of JEFFREY GRUEN, Respondent, v PAUL W. CHASE et al., Appellants. (Proceeding No. 1.) In the Matter of LEONARD CORDOBA, Respondent, v PAUL W. CHASE et al., Appellants. (Proceeding No. 2.) [626 NYS2d 261] —In consolidated proceedings pursuant to CPLR article 78 to review a determination of the State University of New York at Stony Brook, dated November 29, 1993, expelling the petitioners upon disciplinary findings, the appeal is from a judgment of the Supreme Court, Suffolk County (Hall, J.), entered September 15, 1994, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The Supreme Court erred in determining that the petitioners were entitled to legal representation at a disciplinary hearing. Due process requires that the petitioners be given the names of the witnesses against them, the opportunity to present a defense, and the results and finding of the hearing (see, Dixon v Alabama State Bd. of Educ., 294 F2d 150, cert denied 368 US 930). Here, the University complied with these requirements. In addition, the University informed the petitioners that they had the right to an advisor and provided an advisor for them. Due process did not require the University to provide the petitioners with legal representation at the disciplinary hearing (see, Matter of Mary M. v Clark, 100 AD2d 41, 44). Moreover, the University took no action to prevent the petitioners from having an attorney serve as their advisor.

The Supreme Court also erred in finding that the State Administrative Procedure Act applies to disciplinary hearings (see, Matter of Mary M. v Clark, supra, at 43). The State Administrative Procedure Act is applicable solely to adjudicatory proceedings required by law to be made on the record (see, State Administrative Procedure Act § 102 [3]). There is no statute requiring University disciplinary proceedings to be on the record (see, Matter of Mary M. v Clark, supra).

Although the petitioners' due process rights were not violated by the lack of legal representation, the petitioners are entitled to a new hearing because of the participation of a University employee as a co-complainant. "[W]hen a university has adopted a rule or guideline establishing the procedure to be followed in relation to suspension or expulsion that procedure must be substantially observed" (Tedeschi v Wagner

*Coll.,* 49 NY2d 652, 660). Here, the University Student Code provides that any member of the University may make a complaint alleging a violation of the Student Code. Additionally, the Student Code sets forth that an advisor may not present the complaint or cross-examine witnesses.

At the hearing, a University employee called herself a co-complainant. However, the term co-complainant was a misnomer. The employee was neither harmed by nor had any personal knowledge of the alleged improper conduct. Her true function at the hearing was as an advisor to the complainant. Thus, because the co-complainant/advisor presented the complaint and cross-examined witnesses, the University violated its own guidelines. Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.