■ In the Matter of WILLIAM TRAHMS, Respondent, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Appellants. [666 NYS2d 150] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 3, 1996,

which granted petitioner's application pursuant to CPLR article 78 challenging his expulsion from the Columbia University School of Nursing on the ground of plagiarism to the extent of remanding the matter for a de novo hearing before the Honor Board in compliance with respondents' guidelines, with the direction that an adequate record of the proceeding be made, unanimously reversed, on the law, without costs, and the petition denied.

Petitioner William Trahms was expelled in December 1994 from respondent Columbia University School of Nursing on the ground of his having committed plagiarism. After a meeting on December 2, 1994 between petitioner, another student and two professors concerning the strong similarities between the two students' papers, the professors informed both students that the matter would be referred to the School's Honor Board. Petitioner was given four days oral notice by the Dean that a hearing would be held before the Honor Board on the plagiarism charge, and that he had the right to call witnesses on his behalf. Petitioner appeared at the hearing and vigorously challenged the plagiarism charge. However, based on findings that the papers submitted by the students were virtually identical, that petitioner was unfamiliar with his own work and that many of his statements were inconsistent with those of his own witnesses, the Honor Board concluded that petitioner had not submitted original work and recommended a failing grade and dismissal from the school. His appeal to the School's Appeals Board was rejected.

Petitioner commenced the instant article 78 proceeding seeking a judgment vacating his dismissal. The IAS Court granted the petition to the extent of remanding the matter to respondents for a de novo hearing, which hearing was to be recorded verbatim. The court ruled that the Honor Board's determination must be vacated because petitioner had not received adequate notice of the hearing and charges.

We disagree and find, to the contrary, that petitioner received adequate notice of the hearing and charges against him. Respondents substantially complied with their published guidelines in the instant case (*see, Matter of Mu Ch. of Delta Kappa Epsilon v Colgate Univ.*, 176 AD2d 11, 14; *see also, Matter of Harris v Trustees of Columbia Univ.*, 62 NY2d 956, 959, *revg* 98 AD2d 58). Petitioner appeared at the hearing on the correct date, he orally confirmed at its commencement that he had been given notice of the hearing and charges and he proffered a defense, which included the testimony of two witnesses. These facts convincingly prove that petitioner suffered

no prejudice due to the allegedly inadequate notice (*cf., Matter of Weidemann v State Univ.*, 188 AD2d 974, 975-976).

We also disagree with the IAS Court that a verbatim recording of the Honor Board hearing was required (*see, Matter of Gruen v Chase*, 215 AD2d 481; *Matter of Mary M. v Clark*, 100 AD2d 41, 43; *see also, Matter of Girsky v Touro Coll.*, 210 AD2d 406, 407). The record, as it now stands, is adequate for judicial review. Concur—Ellerin, J. P., Rubin, Tom, Mazzarelli and Andrias, JJ.