■ IRENE GURVITS, Appellant, v MOUNT SINAI HOSPITAL CENTER et al., Respondents. [741 NYS2d 518] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 12, 2000, which, inter alia, denied petitioner resident's application to annul respondent hospital's determination placing petitioner on six months probation, unanimously affirmed, without costs.

The finding that petitioner lied in denying to her supervisor that she was moonlighting at another hospital on a day on which she had called in sick is supported by substantial evidence, namely, petitioner's admission that she had so lied. While petitioner claims that the lie was harmless and quickly admitted, the penalty of six months' probation, during which petitioner was paid but not permitted to moonlight, does not shock our sense of fairness. Nor does petitioner show any prejudice caused by respondent's short delay in holding the hearing to review the decision of petitioner's department's chairperson to place petitioner on probation (*see, Tedeschi v Wagner Coll.*, 49 NY2d 652, 660; *Matter of Trahms v Trustees of Columbia Univ.*, 245 AD2d 124, 125-126). We have reviewed and rejected petitioner's other arguments. While the hospital informed petitioner initially that its decision to place her on probation was based on a course of conduct documented in her file, the hearing committee upheld the decision solely on the narrow ground of petitioner's lie. Therefore, we need not reach the issue of whether the documentation in petitioner's file supported the hospital's decision. We note, however, that the special committee convened to investigate whether the hospital offered altered documents into evidence at the hearing did find that certain documents in petitioner's file had been altered. Concur—Saxe, J.P., Buckley, Sullivan, Rosenberger and Ellerin, JJ.