■ In the Matter of DANIEL LAMBRAIA, Petitioner, v STATE UNIVERSITY OF NEW YORK AT BINGHAMTON et al., Respondents.
[23 NYS3d 679]—

Lynch, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Vice President for Student Affairs at respondent State University of New York at Binghamton finding that petitioner violated the Code of Student Conduct and imposing a two-year suspension.

In October 2013, petitioner, a student at respondent State University of New York at Binghamton (hereinafter SUNY) attended a house party hosted by students at Cornell University. While at the party, he met another guest who was a student at Cornell (hereinafter the victim). After a brief conversation, the two went to a bedroom on the second floor of the house and

engaged in certain sexual conduct. After leaving the room, petitioner went to stay overnight at another Cornell student's house and the victim returned to her dormitory on campus. Just prior to leaving the party, the victim told one of her friends that "something bad" had happened; she later told her friends that petitioner had raped her in the upstairs bedroom. The victim's friends convinced her to report the incident to the local police. The local police questioned the victim, who agreed to provide her clothing for DNA testing, but declined to go to the hospital to undergo a rape examination. The next day, the victim sought counseling from Cornell's health center. She later withdrew from school and sought treatment for depression and post-traumatic stress disorder. The Tompkins County District Attorney did not press charges against petitioner.

In August 2014, the victim notified SUNY that petitioner had sexually assaulted her in October 2013 and requested that he be subject to discipline pursuant to SUNY's Code of Student Conduct (hereinafter the Code). After conducting an investigation, SUNY notified petitioner that it was going to conduct a hearing to review the charge that he had violated the Code rule prohibiting "[s]exual assault, rape, and any form of sexual violence." After hearing from petitioner, the victim and witnesses, SUNY's Student Conduct Board found that petitioner violated the rule and suspended him for two years. After an administrative appeal, respondent Vice President for Student Affairs at SUNY upheld the decision. This CPLR article 78 petition ensued.*

To impose discipline in a sexual violence case, the Conduct Board must find the student responsible by a preponderance of the evidence. Here, petitioner testified before the Conduct Board that both he and the victim understood that they were going upstairs to engage in sexual activity, that the victim was willing to go and that he asked permission before putting on a condom and engaging in sexual intercourse. The victim testified that she went upstairs with petitioner after making it clear that she would not engage in sexual activity, that he pushed her into a bedroom, kissed her, pushed her to the floor and forced her to engage in certain sexual activity. She explained that she initially tried to push petitioner away and yell, but that she submitted after he put his hands around her

---

* We take note that by order dated January 14, 2015, Supreme Court (Tait, J.) issued a stay of the suspension pending a determination in the proceeding and continued the stay in a separate order dated January 30, 2015 transferring the proceeding to this Court. Petitioner reports in his brief, dated June 29, 2015, that he has completed his final semester at SUNY.

neck. Petitioner's witnesses testified that while none of them saw the two enter the room, they observed the victim later in the evening, after they were aware of the incident, and that she did not appear to be distressed. In contrast, one of the victim's witnesses testified that she approached him at the party and was "visibly upset," and another witness testified that the victim grabbed his arm to tell him that she had been "attacked." Other witnesses testified that later, at the dormitory, the victim was distraught and crying as she told them what had happened; she suffered adverse changes in her demeanor in the days following the incident. The victim explained that she did not undergo a rape examination because a police officer advised that she would have to bear the cost of the test and she did not want to involve her parents.

In our view, SUNY's determination that petitioner violated the rule prohibiting sexual assault was supported by substantial evidence. As noted by the Conduct Board, the victim promptly reported the incident and, as verified by SUNY staff and her treating psychologist, she had to leave school and was subsequently diagnosed with posttraumatic stress disorder. Although petitioner argues that his witnesses described the incident and the victim's demeanor differently, and that the Conduct Board considered some, but not all of the evidence presented and did not credit all of the victim's testimony, we will not disturb a finding based on a "credibility issue[ ] . . . within the sole province of [the Conduct Board] to determine" (*Matter of Lampert v State Univ. of N.Y. at Albany*, 116 AD3d 1292, 1294 [2014], *lv denied* 23 NY3d 908 [2014]).

We also reject petitioner's claim that he was denied due process. Generally, "[d]ue process requires that the petitioners be given the names of the witnesses against them, the opportunity to present a defense, and the results and finding of the hearing" (*Matter of Gruen v Chase*, 215 AD2d 481, 481 [1995]; *see Matter of Boyd v State Univ. of N.Y. at Cortland*, 110 AD3d 1174, 1175 [2013]). Here, petitioner argues, correctly, that due process "entitles a student accused of misconduct to 'a statement detailing the factual findings and the evidence relied upon by the decision-maker in reaching the determination of guilt' " (*Matter of Boyd v State Univ. of N.Y. at Cortland*, 110 AD3d at 1175, quoting *Matter of Kalinsky v State Univ. of N.Y. at Binghamton*, 161 AD2d 1006, 1007 [1990]). In our view, although SUNY did not release certain internal documents until after it issued a determination on the administrative appeal, the Conduct Board sufficiently detailed its factual findings, the testimony and the evidence that it relied upon in its

determination (*see Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam*, 105 AD3d 1117, 1119 [2013]). Next, inasmuch as the Code requires either the video and/or audio recording of disciplinary hearings, and in the October 31, 2014 decision letter the Conduct Board offered petitioner the opportunity to listen to the audio recording of the hearing, we find that SUNY properly complied with its own rules when it refused to allow petitioner to obtain his own transcript of the hearing. Similarly, as the Code provides that the formal rules of evidence do not apply and gives the chairperson of the Conduct Board the discretion to determine what evidence is relevant, we discern no error in the determination limiting petitioner's questions to SUNY's investigator as to why the District Attorney declined to prosecute petitioner.

Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.